M. STIERS, In the Interest of B. Stiers, a Minor, Respondent Pro Se,

v.

Robert BERNICKY, Appellant.

No. WD 64447.

Missouri Court of Appeals,
Western District.

Aug. 9, 2005.

Charles F. James, and Shelly Christine Dreyer, St. Peters, MO, for Appellant.

Respondent Acting pro se.

Before JAMES M. SMART, JR., P.J., RONALD R. HOLLIGER, and LISA WHITE HARDWICK, JJ.

PER CURIAM:

Appellant Robert Bernicky appeals from a judgment granting a full order of protection against him. Appellant argues that there was insufficient evidence to support the allegation in the petition that he stalked the minor child. We reverse the judgment.

On July 13, 2004, Respondent Ms. Stiers filed a Petition for Order of Child Protection. The petition alleged that Appellant Bernicky had sexually abused Respondent's minor daughter. The petition form used by the court requires the petitioner to check one of four boxes coinciding with the definition of abuse and provide a narrative of the acts constituting the abuse alleged. Respondent checked the box for sexual abuse and provided a corresponding narrative. That narrative pleaded facts consistent with a stalking allegation, but not with a sexual abuse allegation. Respondent, however, did not check the box for stalking. In the narrative describing the sexual abuse allegation, the petition alleged that Bernicky and his friends "have been driving repeatedly up and down the road in front of [Ms. Stiers'] house." Ms. Stiers alleged one particular incident where Bernicky gave Ms. Stiers' daughter "nasty looks" as the child got off the school bus. The petition did not specifically plead that Bernicky had been stalking the child.

On July 13, 2004, the trial court issued an ex parte order of child protection. On July 27, 2004, a hearing was held to determine whether the full order of protection would be entered. Ms. Stiers appeared *pro se*. The only evidence she presented was her own testimony. Ms. Stiers testified that Bernicky drove in front of Ms.

Stiers' home once. That day, the child saw Bernicky driving down the street as she got off the school bus. Ms. Stiers said that Bernicky scared her daughter. Ms. Stiers acknowledged that Bernicky's mother-in-law lived on the same street and that Bernicky was doing work on her home that day.

The trial court issued the full order of protection, enjoining Bernicky from disturbing the peace of the minor child in any way, entering her premises, or having any contact with her. The court informed Bernicky that he could drive down the street to see his mother-in-law provided his purpose was not to harass the child. The order was effective for 180 days, or until February 23, 2005.

Bernicky's sole point on appeal is that the trial court erred in granting the order of protection because Ms. Stiers failed to prove that he stalked the child; he contends that the judgment was not supported by substantial evidence.

██ Ms. Stiers declined to file a brief in connection with this appeal. Because the respondent is not required to do so, we review the case on its merits without the aid of a respondent's brief. *In the Interest of A.T.H.,* 37 S.W.3d 423, 425 n. 1 (Mo. App.2001). Although not raised by Ms. Stiers as an issue on appeal, we consider whether this case is moot. The full order of protection was entered on July 27, 2004, and provided that it was effective until February 23, 2005, unless otherwise terminated or extended. The record does not indicate that it was extended, and, therefore, we assume it has expired.

██ This court has, on several occasions, dismissed an appeal from a full order of protection based on mootness where the order had expired and was not extended. *See Hannah v. McCubbin,* 21 S.W.3d 125, 126 (Mo.App.2000); *McGrath v.*

*McGrath,* 939 S.W.2d 46, 47 (Mo.App. 1997); *Pope v. Howard,* 907 S.W.2d 257, 258 (Mo.App.1995). Nonetheless, an appellate court may decide an otherwise moot issue if it is of general public interest and importance, recurring in nature, and will otherwise evade appellate review. *In the Interest of R.T.T.,* 26 S.W.3d 830, 834 (Mo.App.2000). Missouri appellate courts have used this discretion to review the merits of a challenge to a child protection order. *See A.T.H.,* 37 S.W.3d at 426 (involving a challenge to the sufficiency of the evidence to support a stalking allegation, like the case here).

It is difficult to obtain appellate review of protection issues prior to the expiration of a full order of protection. This is because section 455.516.1 provides that the duration of such an order shall not exceed 180 days. We are also mindful of the stigma that can attach to a person who is adjudicated a "stalker." This stigma does not disappear simply because the order has expired. Such person may be forced, in an application for certain kinds of employment or in an application for licensure, to disclose the order of protection.

In light of these reasons, we exercise our discretion to review the merits of Bernicky's claim.

An order of protection may be sought "for a child who has been subject to abuse by a present or former adult household member or person stalking the child." § 455.505. The petitioner must prove the allegation of abuse of a child by a preponderance of the evidence. § 455.516.1. Abuse is defined as "any physical injury, sexual abuse, or emotional abuse inflicted on a child other than by accidental means by an adult household member, or stalking of a child." § 455.501(1). At the time of the incident, "stalking" was defined as

*purposely* and *repeatedly harassing* or following with the intent of harassing a

child. As used in this subdivision, "harassing" means engaging in *a course of conduct* directed at a specific child that serves no legitimate purpose, that would cause a reasonable adult to believe the child would suffer substantial emotional distress. As used in this subdivision, "course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.

§ 455.501(10), RSMo 2000 (emphasis added).[1] To prove stalking, then, Ms. Stiers had to show that Bernicky engaged in a series of acts over a period of time for the purpose of harassing the child.

■ Appellant Bernicky challenges only the sufficiency of the evidence to support the stalking grounds. In Ms. Stiers' petition, she alleged that the category of abuse warranting an order of protection was "sexual abuse," not stalking. Ms. Stiers was apparently referring to the fact that a charge of sexual abuse had been brought against Bernicky in connection with the allegation that Bernicky had sexually abused Ms. Stiers' child. But even though Ms. Stiers did not designate stalking as one of the grounds, she alleged facts consistent with such an allegation. She pleaded that "[Bernicky] and his friends have been driving repeatedly up and down the road" in front of her house. She alleged one particular incident where Bernicky gave the child "nasty looks."

■ Physical, sexual, or emotional abuse are grounds for protection only when a current or former household member commits that abuse. § 455.505; *see also A.T.H.*, 37 S.W.3d at 426. There is no evidence in the record that Bernicky was ever a "household member." Therefore, the sexual abuse allegation, standing alone, could not support the protective order against Bernicky.[2]

■ Stalking, on the other hand, is grounds for a protective order even if the perpetrator is not a household member. *A.T.H.*, 37 S.W.3d at 427. Thus, we examine the record to see if the evidence supports this allegation.

The only evidence Ms. Stiers presented in support of the stalking allegation was her testimony. The relevant portion of that exchange is as follows:

Q. Ms. Stiers, first of all, I'd like to know when these incidents of [Appellant] driving by happened.

A. He drove by when my daughter was getting on the school bus and scared her.

Q. That's *the only time*?

A. Then there was people driving down the road—I didn't say that it was [Appellant] that did that, I said that . . . his friends were driving around. . . . People were slowing down and staring at the house, and then go[ing] down, turn[ing] around, and com[ing] back and slow[ing] down in front of my house again.

\*　　\*　　\*

Q. So *the . . . only incident* you know of involving [Appellant] directly. was a school bus incident?

A. *Yes.*

Q. Where did that happen?

A. In Williamsburg, on South Street, up at the top where the bus stops.

Q. Are you aware that his mother-in-law lives in that area?

A. Yes.

**1.** Amended in 2004 by S.B. No. 1211, § A, effective August 28, 2004.

**2.** At the time, Bernicky was charged criminally with sexual abuse of Ms. Stiers' child. He was later acquitted.

Q. Were you aware that he was over at his mother-in-law's house ... doing work on the house?

A. Yes.

Q. So he didn't say ·anything to [the child] when he drove by?

A. No. But ... for my daughter's safety, with the charges that are against [Appellant], I want her to know that she is protected.

(Emphasis added.)

 This testimony establishes that on one occasion, Bernicky drove down the street where the child waited for her school bus. There is very little evidence that Bernicky's purpose in doing so was to harass the child. The evidence of that was primarily the perception of the child that Bernicky gave her a "nasty look" apparently as he drove by. Ms. Stiers acknowledged that Bernicky was driving on the street to visit his mother-in-law. Intent is a necessary element of stalking under the statute. *Brockert v. Syler*, 95 S.W.3d 187, 191–92 (Mo.App.2003).

Even if we were to assume that Bernicky drove down the street and gave a menacing look with the intent of harassing the child, this was a one-time incident. It was not "a pattern of conduct composed of a series of acts over a period of time." *See* § 455.501(10). It seems that Ms. Stiers was also implying that Bernicky arranged for his friends to drive up and down the street in order to intimidate the child. There was, however, no specific evidence that Bernicky was involved in instigating this activity. The evidence of what his friends did was very general, without any discussion of how often or when the events in question occurred. Altogether, this evidence was too attenuated to support a protection order.

Ms. Stiers failed to present substantial evidence that Bernicky engaged in a pattern of conduct composed of a series of acts over a period of time for the purpose of harassing the child. Thus, the trial court erred in issuing the full order of protection.

### Conclusion

We reverse the judgment and remand the case to the trial court with instructions to vacate the full order of protection.