**Tina O'BANION, Respondent,**

v.

**Travis Dee WILLIAMS, Appellant.**

**No. WD 64981.**

Missouri Court of Appeals, Western District.

Nov. 8, 2005.

Corey M. Swischer, Nevada, MO, for Appellant.

Neal R. Quitno, Nevada, MO, for Respondent.

Before: HAROLD L. LOWENSTEIN, P.J., JOSEPH M. ELLIS, and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Travis Williams files this appeal from a judgment granting Ms. Tina O'Banion's petition for a full order of child protection. At issue is whether the circuit court had jurisdiction and whether there was sufficient evidence of emotional abuse to support the circuit court's findings. We dismiss the appeal as moot.

In November 2004, Ms. O'Banion filed for the protection of her three minor children, only one of whom, the youngest, had been fathered by Mr. Williams. She alleged in the petition that Mr. Williams was an adult household member and that he had inflicted emotional abuse on the children by yelling and cursing at her over the phone while the children were visiting in his home. She also alleged that he refused her request to return the children to her and that there was a danger to the children because people were smoking in Mr. Williams's home. Apparently, two of the children are disabled and have asthmatic conditions. Before testimony was taken during the protection hearing, Mr. Williams filed an oral motion to dismiss, challenging the circuit court's jurisdiction because he was not an adult household member and there had been no stalking allegations in the petition. The circuit court ascertained that Mr. Williams was the father of one of the children and denied the motion to dismiss.

According to Ms. O'Banion's testimony, Mr. Williams called her a "lazy whore" on the phone and yelled and cursed at her while she could hear the children in the room with him. There was no evidence that Mr. Williams was a household member or that smoking was occurring in the children's presence. Ms. O'Banion testified that the children were crying when she picked them up some time after the phone conversation. She was accompanied by police officers and had obtained an ex parte order of child protection when she arrived at Mr. Williams's home. Ms. O'Banion also testified that one child, not fathered by Mr. Williams, was taken to the emergency room for an asthma attack later that day.

The circuit court entered its judgment on December 8, 2004, and it was made effective until June 7, 2005. Mr. Williams claims on appeal that the circuit court lacked jurisdiction to hear the petition because he was never a member of the children's household. He also claims that there was no evidence presented that the acts complained of actually caused emotional abuse.

 As an initial matter, we must determine whether the case is moot. If there is no justiciable controversy, we lack jurisdiction to consider the appeal and may dismiss *sua sponte*. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). "[A] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Id.* (internal quotations and citation omitted). The Judgment/Full Order of Protection provided that it would expire in June 2005. There is no indication in the record that it was extended, so it has expired by the lapse of time. The same issue faced the court in *In the Interest of A.T.H.*, 37 S.W.3d 423, 426 (Mo.App. S.D.2001). That court decided to apply an exception to the mootness doctrine, finding that application of the Child Protection Orders Act, §§ 455.500–455.538, was a matter of general public interest, the factual circumstances from which the issues arose could be of a recurring nature, and the issues raised could evade appellate review due to the time involved in perfecting an appeal. *A.T.H.*, 37 S.W.3d at 426.

In this case, the issues raised involve an application of the act that has previously been considered at some length by this court. *Reller v. Hamline*, 895 S.W.2d 659 (Mo.App. W.D.1995). In *Reller*, the court determined that the definition of "adult household member" in section 455.501(2) imposes a residence requirement and that the circuit court lacked jurisdiction to enter a child protective order against a former boyfriend who was not and had never been a resident of the child's household. *Id.* at 661–62. There are only two differences between this case and *Reller*: (i) Ms. Hamline had altered the form petition, effectively stating that the respondent was not "an adult household member," *id.* at 662, and (ii) Ms. Hamline had alleged that respondent emotionally abused the child by stalking him, *id.* at 659 (*A.T.H.* court observes that statute changed after *Reller* was decided and that non-household members who stalk are now subject to the court's jurisdiction under the act, 37 S.W.3d at 426–27). Here, Ms. O'Banion did claim that Mr. Williams was an adult household member, but only alleged emotional abuse. These are differences without relevance to our mootness analysis, because we would simply be repeating the *Reller* court's determination that there is a residence requirement where child abuse is alleged for the circuit court to exercise jurisdiction.

Because the child protection order has expired, the case is moot and there is no reason for us to apply an exception to the mootness doctrine. We therefore dismiss the case as moot.

HAROLD L. LOWENSTEIN, P.J., and JOSEPH M. ELLIS, J., concur.