**James B. GLOVER, Petitioner–Respondent,**

v.

**Wiatt MICHAUD, Respondent–Appellant.**

**No. 27565.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 24, 2007.

Carl Elvin Smith, Ava, MO, for appellant.

Respondent acting pro se.

JEFFREY W. BATES, Chief Judge.

Wiatt Michaud (Michaud) appeals from a judgment granting James Glover (Glover)

a full order of protection pursuant to the Adult Abuse Act (the Act) after a bench trial. *See* §§ 455.005–.090.[1] On appeal, one of Michaud's points challenges the sufficiency of the evidence to support the judgment. Because the evidence presented was insufficient to authorize the entry of a full order of protection, we reverse the judgment. The case is remanded to the trial court with instructions to vacate the full order of protection and deny the petition.

On October 4, 2005, Glover filed a *pro se* petition under the Act seeking a protective order against Michaud. The petition alleged that Glover had no relationship with Michaud, other than being "harassed" by him, and that Glover was being stalked by Michaud. A supplemental narrative statement explaining these allegations was attached to the petition. In this narrative, Glover made the following assertions:

1. He was forced to stop his car on Swisher road on August 21, 2005, when Michaud turned his truck diagonally in front of Glover's vehicle.

2. Michaud got out of his truck and threatened violence against Glover because of testimony he had previously given in a court proceeding involving Michaud and a Mrs. Reynolds.

3. Michaud threatened to kill Glover if he ever stuck his nose in Michaud's business again.

Glover wanted an order of protection because he was scheduled to appear in court again on Mrs. Reynolds' behalf. An *ex parte* order against Michaud was issued that same day.

After two continuances, the case was finally heard by the trial court on February 9, 2006. At the outset of the hearing, Michaud's attorney made an oral motion to dismiss the petition for failure to state a claim. The trial court denied the motion.

During Glover's testimony, he explained that he had been a witness against Michaud in a case involving Mrs. Reynolds.[2] Glover then testified that, "[b]ecause of that, this man threatened my life, threatened me with bodily my [sic] harm, my property and everything else, and I feel like I need protection." Glover also mentioned that Michaud had tried to "create an incident" on October 20, 2005. When the court asked Glover if he had anything else to say, he replied, "[b]asically, that's my highlights."

On cross-examination, Glover admitted that he was not related to Michaud and that they had never resided with each other. Glover also admitted that the incident in which he was threatened by Michaud took place on August 21, 2005. During that single occurrence, Michaud backed his truck toward Glover, threatened him and sprayed gravel on his car. Glover had no other contact with Michaud except on October 20, 2005. The only thing said about that event was that Michaud "blocked the road" and "restrained" Glover against his will.

At the close of Glover's case, Michaud's attorney renewed the motion to dismiss and also asked for judgment in his client's favor because "I think there's insufficient evidence under his own testimony to establish a stalking situation, which is required

1. All references to statutes are to RSMo Cum. Supp. (2005) unless otherwise specified. All references to rules are to Missouri Court Rules (2007).

2. At a later point in the proceeding, Michaud testified that this woman had formerly been his girlfriend.

under the statute." [3] The trial court denied both motions. Additionally, over Michaud's objection, the court allowed Glover's petition to be amended to include the second "incident" on October 20, 2005.

Michaud then testified on his own behalf. He denied making any threats against Glover on August 21, 2005. He also denied being involved in any incident on October 20, 2005. According to Michaud, he left court on that date and was driving home on Highway 63. Glover was following behind in his vehicle. When Michaud reached Highway UU, he put on his directional signal and slowed down to make his turn. Nothing else occurred.

At the conclusion of the hearing, the court granted Glover a full order of protection. By its terms, the order expired on August 9, 2006. This appeal followed.

On appeal, Michaud raises three points of trial court error. First, he contends that Glover's petition failed to state a claim. Second, he contends the court erred in allowing Glover's petition to be amended. Third, he contends the judgment is not supported by the evidence. As Michaud's third point is dispositive, we address it first.

■ Appellate review of a court-tried case is governed by Rule 84.13(d). *Foster v. Village of Brownington,* 140 S.W.3d 603, 607 (Mo.App.2004). The trial court's judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[4] "Substantial evidence is competent evidence from which the trier of fact could reasonably decide the case." *Leaverton v. Lasica,* 101 S.W.3d 908, 911 (Mo.App.2003).

■ As noted above, the full order of protection against Michaud expired on August 8, 2006. That occurred after Michaud had filed a timely appeal from the judgment, but before the case could be submitted to this Court for a decision.[5] As a preliminary matter, we must determine whether appellate review should be denied on the grounds of mootness. *See O'Banion v. Williams,* 175 S.W.3d 673, 675 (Mo. App.2005). If there is no justiciable controversy, we lack jurisdiction to consider the appeal and may dismiss *sua sponte. State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). *In re A.T.H.,* 37 S.W.3d 423 (Mo.App.2001), presented the same issue in a case involving an appeal from an expired full order of child protection, and we held as follows:

An appellate court, however, may decide an otherwise moot issue if it is of general public interest and importance, recurring in nature, and will otherwise evade appellate review. The applicability of the [Child Protection Orders Act] is a matter of general public interest and importance, its applicability under factu-

---

**3.** After the plaintiff has completed the presentation of his evidence, Rule 73.01(b) authorizes a defendant in a court-tried case to move for judgment on the ground that upon the facts and the law the plaintiff is not entitled to relief.

**4.** *Murphy* interpreted the provisions of former Rule 73.01(c). The provisions of that rule were transferred, in essentially the same form, to Rule 84.13(d) effective January 1, 2000.

**5.** Due to the short duration of protection orders, it is often difficult to obtain appellate review before an order expires. Under the Act, a full order of protection is only valid for a maximum of one year unless it is renewed. § 455.040.1. In the case at bar, the full order of protection was only effective for six months.

al situations similar to the one here may well be of a recurring nature, and the issues raised here could evade appellate review due to the necessary lapse of time between the filing of the notice of appeal and when the matter could be decided by an appellate court. Consequently, we will not invoke the mootness doctrine, but will review this case on its merits.

*Id.* at 426 (citation omitted); *see also In re R.T.T.*, 26 S.W.3d 830, 834 (Mo.App.2000) (likewise involving an appeal from an expired full order of child protection). We believe this rationale is equally applicable here.

In addition, the entry of a full order of protection against a person can have some significant collateral consequences. For example, any person seeking to become a foster parent must undergo a background check to determine if any adult person residing in the same household has had a full order of protection entered against him or her. § 210.487.1(1). In addition, Michaud was adjudged to be a stalker by the trial court's decision. "This stigma does not disappear simply because the order has expired." *Stiers v. Bernicky,* 174 S.W.3d 551, 553 (Mo.App.2005). Under some circumstances, a person may be required to disclose such an adjudication in connection with requests for employment or licensure. *Id.* Therefore, we exercise our discretion to review Point III on the merits. *See McGrath v. Bowen,* 192 S.W.3d 515, 517 (Mo.App.2006).

■ "Any adult who has been subject to abuse by a present or former adult family or household member, or who had been a victim of stalking, may seek relief ... by filing a verified petition alleging such abuse or stalking by the respondent." § 455.020 RSMo (2000). Section 455.010(5) defines family or household member to include:

spouses, former spouses, adults related by blood or marriage, adults who are presently residing together or have resided together in the past, an adult who is or has been in a continuing relationship of a romantic or intimate nature with the victim, and adults who have a child in common regardless of whether they have been married or have resided together at any time[.]

Since Glover and Michaud do not fall within any of the various definitions of what constitutes a family or household member, Glover could only seek an order of protection based upon an allegation of stalking. § 455.020 RSMo (2000); *Towell v. Steger,* 154 S.W.3d 471, 473 (Mo.App.2005). Stalking is defined to occur when:

[A]n adult purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct. As used in this subdivision:

(a) "Course of conduct" means a pattern of conduct composed of repeated acts over a period of time, however short, that serves no legitimate purpose. Such conduct may include, but is not limited to, following the other person or unwanted communication or unwanted contact;

(b) "Repeated" means two or more incidents evidencing a continuity of purpose; and

(c) "Alarm" means to cause fear of danger of physical harm.

§ 455.010(10). For conduct to have "no legitimate purpose," it must be found to be not sanctioned by law or custom, to be unlawful, or not allowed. *Towell,* 154 S.W.3d at 475.

■ Glover's petition alleged that he was being stalked by Michaud. To obtain a full order of protection, Glover had to

prove this allegation by a preponderance of the evidence. *See* § 455.040.1; *Clark v. Wuebbeling,* 217 S.W.3d 352, 354 (Mo.App. 2007); *Vinson v. Adams,* 188 S.W.3d 461, 464–65 (Mo.App.2006). "Courts must take great care to ensure the existence of sufficient evidence to support all elements of the Adult Abuse Act before entering a full order of protection." *Clark,* 217 S.W.3d at 354; *McGrath v. Bowen,* 192 S.W.3d 515, 517 (Mo.App.2006). Michaud contends that Glover failed to meet his burden of proof because there was no evidence Michaud engaged in a course of conduct that caused alarm to Glover. We agree.

In order for Glover to prove his entitlement to a full order of protection, he had to present substantial evidence that Michaud: (1) purposely and repeatedly; (2) engaged in an unwanted course of conduct; (3) that caused alarm to Glover; (4) when it was reasonable in his situation to have been alarmed by the conduct. § 455.010(10). As defined by this subsection of the Act, a "course of conduct" must be composed of repeated acts over a period of time that serves no legitimate purpose. § 455.010(10)(a). "Repeated" is further defined to require two or more incidents demonstrating a continuity of purpose. § 455.010(10)(b). Alarm requires proof that the petitioner was placed in "fear of danger of physical harm." § 455.010(10)(c). The evidence in the case at bar was deficient in two respects.

First, proof of stalking involves both a subjective and an objective component. Thus, it was essential for Glover to present substantial evidence that: (1) Michaud's threats caused Glover to subjectively fear physical harm; and (2) a reasonable person under the same circumstances would have feared physical harm. § 455.010(10); *Schwalm v. Schwalm,* 217 S.W.3d 335, 337 (Mo.App. 2007). At no point in Glover's testimony did he ever testify that he was afraid of Michaud or feared being physically harmed by him. Neither was there a sufficient factual development of the evidence to permit the trial court to reasonably determine whether an objective person in the same circumstances would have felt that way. In short, proof that Michaud threatened Glover during the course of an argument on August 21, 2005 does not, *ipso facto,* constitute proof that Glover took the threat seriously or that a reasonable person would have done so.

Second, there was insufficient proof that Michaud engaged in the requisite "course of conduct" that is an essential element of stalking as defined by § 455.010(10). Glover testified, albeit in a most cursory and unsatisfactory fashion, about one incident that took place on August 21, 2005. Later, he testified that Michaud also "blocked the road" and "restrained" Glover on October 20, 2005. In the absence of any factual explanation of what actually occurred on the latter date, however, Glover's naked conclusions did not constitute substantial evidence from which the trial court could draw any reasonable inferences. *See Hutchings v. Roling,* 151 S.W.3d 85, 89 (Mo.App.2004) (when devoid of any factual support, a lay witness' conclusions do not rise to the level of substantial and competent evidence). For example, the court was not presented with any facts from which it could determine whether Michaud's conduct on that occasion served a legitimate purpose or would have alarmed a reasonable person. The only facts concerning the events of that day came from Michaud, who testified that Glover's complaint involved nothing more than the ordinary act of slowing down on a highway in order to make a turn. Thus, the evidentiary support for the judgment falls short for this reason as well.

Based on our review of the record before the trial court, we conclude that insufficient evidence was presented to support the entry of a full order of protection against Michaud. This holding prompts us to repeat the following cautionary note from *Wallace v. Van Pelt*, 969 S.W.2d 380 (Mo.App.1998):

> The potential for abuse of the stalking provision of the Adult Abuse Act is great. And, the harm that can result is both real and significant, not the least of which will be the stigma that attaches by virtue of a person having been found to be a stalker. Moreover, such a finding could lead to criminal prosecution for violation of the criminal stalking statute, § 565.225. Thus, it is incumbent that the trial courts exercise great vigilance to prevent abuse of the stalking provisions in the Adult Abuse Act and in making sure that sufficient credible evidence exists to support all elements of the statute before entering a protective order.

*Id.* at 387.

Michaud's third point is granted. In light of that disposition, Points I and II are moot and need not be addressed. The judgment is reversed. The case is remanded to the trial court with instructions to vacate the full order of protection and deny Glover's petition.

GARRISON and BARNEY, JJ., concurs.