Fred L. TODD, Jr., Respondent,

v.

Phillip PLACK, Appellant.

No. WD 71693.

Missouri Court of Appeals,
Western District.

Sept. 7, 2010.

Bruce B. Brown, for Appellant.

Fred L. Todd, Jr., Respondent pro-se.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and KAREN KING MITCHELL, Judge.

JOSEPH M. ELLIS, Judge.

Phillip Plack appeals from a judgment entered by the Circuit Court of Ray County granting a full order of child protection against him. For the following reasons, the judgment of the circuit court is reversed.

On October 6, 2009, Fred Todd, Jr. filed a petition for child protection on behalf of his step-daughter, C.W., in the Circuit Court of Ray County. At the time the petition was filed, C.W. was sixteen years old, and Plack was nineteen years old. The petition alleged that Plack had been dating C.W. and that, on October 4, 2009, while at Worlds of Fun in Kansas City, Missouri, Plack had lost his temper, pushed C.W. into a wood fence, and caused C.W. to injure her back. The following day, the circuit court entered an *ex parte* order of child protection against Plack and appointed a court appointed special advocate for C.W.

■ Following a hearing on October 21, 2009, the circuit court entered a Judgment/Full Order of Protection against Plack for a period of six months, or until April 21, 2010. Plack timely appealed from that judgment, raising three different claims of error.[1]

■ Although not raised on appeal, we must first determine whether this case is moot. The full order of protection was entered on October 21, 2009, and was set to expire on April 21, 2010. The record does not reflect that it was extended, and we, therefore, assume it has expired. *Stiers v. Bernicky*, 174 S.W.3d 551, 553 (Mo. App. W.D.2005). In deciding to exercise our discretion to review a case with similar facts on the merits, the *Stiers* court stated:

> This court has, on several occasions, dismissed an appeal from a full order of protection based on mootness where the order had expired and was not extended. Nonetheless, an appellate court may decide an otherwise moot issue if it is of general public interest and importance, recurring in nature, and will otherwise evade appellate review. Missouri appellate courts have used this discretion to review the merits of a challenge to a child protection order.
>
> It is difficult to obtain appellate review of protection issues prior to the expiration of a full order of protection. This is because section 455.516.1 provides that the duration of such an order shall not exceed 180 days. We are also mindful of the stigma that can attach to a person who is adjudicated a "stalker." This stigma does not disappear simply because the order has expired. Such person may be forced, in an application for certain kinds of employment or in an application for licensure, to disclose the order of protection.

*Stiers*, 174 S.W.3d at 553 (citations omitted). While the public interest exception

---

1. Respondent declined to file a brief in connection with this appeal. Accordingly, we must "review the case on its merits without the aid of a respondent's brief." *Stiers v. Bernicky*, 174 S.W.3d 551, 553 (Mo.App. W.D. 2005).

to the mootness doctrine is narrow, if an issue in a moot case is unlikely to be present in a live controversy capable of appellate review in the future, the public interest exception applies. *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 237 (Mo.App. W.D.1998). In this case, the question of whether an order of protection can be based upon a finding of "stalking" under § 455.505.1, where the evidence presented involves only a single incident of allegedly improper conduct, presents an issue of general public interest and importance, recurring in nature, which may evade appellate review due to the brief duration of orders of protection. *Stiers,* 174 S.W.3d at 553; *In the Interest of R.T.T.,* 26 S.W.3d 830, 834 (Mo.App. S.D. 2000). For these reasons, we exercise our discretion to review the merits of Plack's appeal.

■ When reviewing a trial court's entry of an order of protection, as in any court-tried matter, "we will sustain the trial court's order unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Leaverton v. Lasica,* 101 S.W.3d 908, 910–11 (Mo.App. S.D.2003). "Substantial evidence is competent evidence from which the trier of fact could reasonably decide the case." *Id.* at 911.

■ In his first point, Plack claims that the trial court erred in granting the full order of protection because the evidence did not support a finding that he had stalked C.W. Under § 455.505.1,[2] a parent or guardian may seek and obtain "[a]n order of protection for a child who has been subject to abuse by a present or former adult household member or person stalking the child." The petitioner must prove the necessary elements for an order of protection by a preponderance of the evidence. *Stiers,* 174 S.W.3d at 553. Since Plack had never been a member of C.W.'s household, Todd was required to plead and prove that Plack had been *stalking* C.W. *Id.* at 553–54; *In re A.T.H,* 37 S.W.3d 423, 427 (Mo.App. S.D.2001).

■ Section 455.501(10) defines "stalking" as:

[W]hen an adult purposely and *repeatedly engages in an unwanted course of conduct with regard to a child* that causes another adult to believe that a child would suffer alarm by the conduct. As used in this subdivision:

(a) **"Course of conduct"** means a pattern of conduct composed of repeated acts over a period of time, however short, that serves no legitimate purpose. Such conduct may include, but is not limited to, following the other person or unwanted communication or contact;

(b) **"Repeated"** means two or more incidents evidencing an continuity of purpose; and

(c) **"Alarm"** means to cause fear of danger of physical harm.

(emphasis added). Thus, to establish stalking, the petitioner must prove "a pattern of conduct composed of a series of acts over a period of time" that serve no legitimate purpose. *Stiers,* 174 S.W.3d at 555 (internal quotation omitted). "For conduct to have 'no legitimate purpose,' it must be found to be not sanctioned by law or custom, to be unlawful, or not allowed." *Glover v. Michaud,* 222 S.W.3d 347, 351 (Mo.App. S.D.2007) (internal quotation omitted).

■ As argued by Plack at the close of the petitioner's case and at the close of all evidence, absolutely no evidence was presented at the evidentiary hearing of a re-

---

**2.** All statutory references are to RSMo Cum. Supp.2004 unless otherwise noted.

peated, unwanted course of conduct toward C.W. All evidence presented related to a single incident, and as to that incident, the trial court found Plack had no intent to harm C.W.[3] The judge expressly stated, at the close of the petitioner's evidence, "I don't see any stalking." The judge further indicated at the end of the hearing that the court was granting an order of protection solely because Plack had lost his temper on one occasion, and it was possible that it might happen again.

As emphasized by Plack at the motion hearing, both under the clear language of the statute and the case law, where the responding party has never resided with the child, entry of a full order of protection without substantial evidence to support a finding of stalking is wholly improper. *See Stiers,* 174 S.W.3d at 553–54; *In re A.T.H,* 37 S.W.3d at 427; *In re R.T.T.,* 26 S.W.3d 830, 837–38 (Mo.App. S.D.2000). Accordingly, the judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to vacate its full order of protection.[4]

All concur.

---

3. All of the evidence submitted at trial, including the testimony of C.W. and Plack, security reports, and police reports, provides a consistent version of the incident. While the two were walking back from a work break at Worlds of Fun, where they were both employed, C.W. slapped Plack on the back of the head seven or eight times. Plack told her not to do it again. When she slapped him again, Plack pushed her away, causing C.W. to strike a fence and injure her back.

4. Having reached this conclusion on Plack's first point, we need not consider his remaining points on appeal.