**M.L.G., Respondent,**

v.

**R.W., Appellant.**

**No. ED 99465.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 20, 2013.

Daniel R. Schramm, Timothy A. Engelmeyer, Chesterfield, MO, for Appellant.

M.L.G., Wildwood, MO, Acting Pro Se for Respondent.

ROBERT M. CLAYTON III, Chief Judge.

R.W. appeals the judgment of the trial court entering a full order of protection against him and in favor of M.L.G. R.W. claims there was insufficient evidence of "stalking" as defined in the Missouri Adult Abuse Act to support the judgment. We reverse and remand.

## I. BACKGROUND

Viewed in the light most favorable to the judgment, the underlying facts are as follows: R.W. and M.L.G. are long-time neighbors, sharing an adjoining property line. R.W.'s property consists of approximately eight acres in a semi-rural area. M.L.G. owns four and a half acres adjacent to R.W.'s property. Although both M.L.G. and R.W. testified they seldom interacted with each other, on September 11, 2012,

R.W. and M.L.G.'s wife had a discussion about spraying herbicide on the grass along the adjoining property line. R.W. asked M.L.G.'s wife to stop spraying the grass there because he was concerned his horses could eat the grass and become ill. The next day, M.L.G. drove to R.W.'s property and initiated a conversation with R.W. about his interaction with M.L.G.'s wife. M.L.G. believed R.W. yelled at his wife, and he was not happy about this fact. They began discussing the incident between R.W. and M.L.G.'s wife, and R.W. pulled a gun out of his front pocket and threatened M.L.G. According to M.L.G., R.W. touched the gun to M.L.G.'s temple. The parties struggled and thereafter M.L.G. pinned R.W. to the ground. No shots were fired from the weapon. St. Louis County police responded to the scene; however, no criminal charges were filed.

M.L.G. subsequently filed a petition for an order of protection against R.W.[1] The court heard M.L.G.'s petition and granted a full order of protection. R.W. now appeals.

## II. DISCUSSION

### A. Standard of Review

■ We will affirm the judgment in a court-tried case unless the judgment is not supported by the evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *McGrath v. Bowen,* 192 S.W.3d 515, 517 (Mo.App. E.D. 2006). Because of the potential stigma that may attach to an individual who is labeled a "stalker" under the Missouri Adult Abuse Act, trial courts must exercise great care in enforcing the provisions and to ensure sufficient evidence exists to support all elements of the statute before entering a full order of protection. *Id.*

### B. Evidence of Stalking

In his first point on appeal, R.W. claims the trial court erred in entering a full order of protection against him because the evidence of a single incident is not sufficient to support a finding of "stalking" as defined by statute.

■ The trial court entered a full order of protection pursuant to Section 455.040 RSMo (Cum.Supp.2012),[2] finding M.L.G. proved his allegations of stalking against R.W. Section 455.040.1 provides, in relevant part, that if a petitioner proves his allegation of stalking by a preponderance of the evidence, "the court shall issue a full order of protection for a period of time the court deems appropriate...." Pursuant to Section 455.010(13), stalking occurs when "any person purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct." Here, the only issue on appeal is whether the evidence was sufficient to establish R.W.'s "repeated" course of conduct. Section 455.010(13)(c) defines "repeated" as "two or more incidents evidencing a continuity of purpose."[3]

---

1. M.L.G.'s wife also filed a petition for order of protection; however, the trial court dismissed her petition following the hearing.

2. All further statutory references are to RSMo (Cum.Supp.2012).

3. Because M.L.G. and R.W. were not family members or members of the same household, M.L.G. could only seek an order of protection based upon an allegation of stalking. *See Dennis v. Henley,* 314 S.W.3d 786, 789 (Mo. App. S.D.2010) (parties did not fall within any definition of family or household members, and therefore could only seek order of protection based upon an allegation of stalking).

In the present case, the trial court supported its finding of stalking by identifying repeated acts within only the single September 12 incident. The court stated during the September 12 incident, the verbal threats to M.L.G. constituted one act and the pointing of the gun or the placing of the gun to M.L.G.'s temple constituted a second act. The court concluded these two incidents within the September 12 altercation were sufficient to satisfy the statutory definition of stalking. We disagree.

The evidence in the present case related largely to the single altercation between M.L.G. and R.W. on September 12. Although the court attempted to create two incidents from this single incident, doing so was a misapplication of the law. A single incident is insufficient to support a judgment for a full order of protection against R.W. for stalking. *Dennis*, 314 S.W.3d at 791; *See also Todd v. Plack*, 318 S.W.3d 809, 812 (Mo.App. W.D.2010) (single incident insufficient to support entry of full order of protection). Thus, the sole altercation on September 12 between M.L.G. and R.W. is not sufficient to support a finding of stalking pursuant to Section 455.010(13).

We note that M.L.G. was asked during the hearing about whether any additional incidents occurred during which R.W. placed M.L.G. in fear of immediate harm. M.L.G. testified R.W. and his wife had driven "up and down the road" and stopped in front of M.L.G.'s house following the September 12 incident. However, included in the stalking definition contained in Section 455.010(13) is a requirement that the conduct or act serve no legitimate purpose. Here, there was evidence that the parties shared a driveway, and therefore, we cannot conclude R.W. and his wife's use of the road did not serve a legitimate purpose. As a result, this was not sufficient to establish stalking as defined by the statute. M.L.G. also testified R.W. discharged a firearm several times in the vicinity of M.L.G.'s house; however, the record is not clear whether M.L.G. was actually present for this incident. While M.L.G. did testify that "we" heard someone discharge a firearm repeatedly, M.L.G.'s wife testified she was returning home and getting out of her car when she saw R.W. coming down the street to his house. She heard someone discharging the firearm thereafter, but she did not say if M.L.G. was with her at the time. In addition, she testified she could not state with certainty it was R.W. firing the weapon, and both M.L.G. and R.W. acknowledged R.W. had a place on his property designated for shooting firearms. While we agree the parties did experience a single violent encounter, this is not sufficient to support a finding that R.W. "purposely and repeatedly" engaged in an unwanted course of conduct as required by the definition of stalking under Section 455.010(13).

For the foregoing reasons, we do not believe there was sufficient evidence to support the trial court's entry of judgment of a full order of protection based upon its finding of stalking. Therefore, the court erred in entering a full order of protection against R.W. Point one on appeal is granted.[4]

---

4. R.W. also asserts a second and final point on appeal, claiming the trial court applied the incorrect burden of proof. According to R.W., the trial court considered the merits of M.L.G.'s petition for order of protection by viewing the evidence in the light most favorable to M.L.G. However, the record merely reflects the court's proper consideration of R.W.'s motions to dismiss by viewing the evidence in the light most favorable to the petition. *See Smith v. Rost*, 906 S.W.2d 906, 907 (Mo.App. S.D.1995) (when considering motion to dismiss allegations in petition are con-

## III.  CONCLUSION

The judgment of the trial court entering a full order of protection is reversed and the cause is remanded with instructions to the trial court to vacate the full order of protection and deny M.L.G.'s petition.

GARY M. GAERTNER, JR., J. and MICHAEL K. MULLEN, Sp. J., concur.

sidered in light most favorable to petition).

Point two on appeal is denied.