**Tammy L. CASEY,**
**Plaintiff-Respondent,**

v.

**John A. SHY, Defendant-Appellant.**

**No. 50681.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 8, 1986.

---

Lawrence O. Willbrand, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

John A. Shy appeals from the judgment of the trial court entered pursuant to the Adult Abuse Act, § 455.010 *et seq*, RSMo. Cum.Supp.1984, ordering appellant to pay increased child support to respondent, Tammy Casey, for the benefit of E.M.S., her eighteen-month old child. The trial court modified its earlier full order of protection, a consent judgment entered July 31, 1985, by increasing the weekly child support from $20.00 to $50.00. The judgment is reversed.

Appellant raises three points. His third point is dispositive of the appeal. In it he correctly contends the trial court erred in modifying the order of July 31, 1985, because the affidavit Casey submitted with her motion to modify the original order failed to show "a change in circumstances sufficient to warrant the modification".

In mid-summer 1985, Casey obtained an *ex parte* order of protection against appellant. The matter was resolved by a consent judgment entered on July 31, 1985 in which custody of E.M.S. was awarded to respondent, and appellant was ordered to pay respondent $20.00 weekly for child support.

Thirty-four days later, respondent filed a motion with affidavit to modify the July order of protection. After a hearing on the motion to modify on September 18, 1985, the trial court entered its "full order of protection on the modification", increasing the child support from $20.00 to $50.00 weekly.

The motion and affidavit to modify order of protection is a standardized form used by applicants, who fill in the blanks following each paragraph. Under paragraph three "[t]hat there has been a change in the circumstances of _____ sufficient to warrant a modification of the order of protection as follows:", Tammy Casey had handwritten "Child is neglected", and "And expenses for child are more than thought to be."

Paragraph four states that "there has been a change in the circumstances of _____ so substantial and continuing so as to make the terms of the support/maintenance ordered unreasonable. This change being: _____." Casey filled in no answer in the space provided concerning an alleged change of circumstances.

Paragraph five provides:

That based on facts which have arisen since the prior Order of Protection or were unknown to the Court at the granting of the order that a change has occurred in the circumstances of the child/petitioner/respondent that a modification is necessary to serve the best interests of the minor child/children. These facts and changed circumstances being: _____.

Under paragraph five Casey printed "I would like the child support to be changed from $20.00 a week to $50.00. Or whatever could be arranged."

At the hearing on the motion to modify, when asked by the court if she were asking for an increase in the support order, Casey

responded, "I asked for $20.00 a week. This is what myself, John, and his lawyer, which is a different lawyer now, had agreed on. It was $20.00." When asked why she wanted the increase, Casey responded, "I just want what any other woman would want for their daughter or for their child, which is $50.00 a week." When the court asked why she wanted $50.00 a week, she responded, "For my daughter. She needs clothes. It's getting cold out."

Casey acknowledged on examination by Shy's attorney that it had been only six weeks ago that she had agreed to accept $20.00 a week and that Shy's employment had not changed since that time. No other testimony concerning child support was adduced by Casey. Shy testified there had been no change in his financial condition in the six weeks since his agreement to pay the $20.00 weekly child support.

Section 455.060.1 RSMo.Cum.Supp.1984 states: "[a]fter notice and hearing, the court may modify an order of protection at any time, upon subsequent motion filed by either party together with an affidavit showing a change in circumstances sufficient to warrant the modification." Neither the affidavit filed by Casey nor any testimony at the modification hearing shows a change in circumstances sufficient to warrant the order increasing child support. There was no substantial evidence to support the judgment. *Murphy v. Carron*, 536 S.W.2d 30, 32 [1-3] (Mo banc 1976).

The judgment is reversed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.