Nancy POPE, Respondent,

v.

John HOWARD, Appellant.

No. WD 49867.

Missouri Court of Appeals,
Western District.

Sept. 26, 1995.

Richard W. Mason, Kansas City, for appellant.

Kathleen Kopach Woods, Kansas City, for respondent.

Before ULRICH, P.J., and
LOWENSTEIN and ELLIS, JJ.

PER CURIAM:

This is an appeal from an order of the Jackson County Circuit Court directing John Howard to cease "stalking" Nancy Pope pursuant to §§ 455.010–.085,[1] commonly referred to as the Adult Abuse Act ("Act"). The Act has been in place for some time, but until 1993, it applied only to domestic violence situations. In 1993, the Act was amended to include "stalking" by unrelated persons as a type of behavior from which a person could get the court's protection.

Because of our disposition of the appeal, we need not set forth a detailed recitation of the facts. To summarize, however, until recently, Howard and Pope lived in the same Kansas City residential neighborhood. Howard is a fifty year old man who has lived in his home for forty-eight years. He lived

---

1. All statutory references are to RSMo 1994.

there with his parents until his mother died in 1992, and has lived there alone since then. Pope is a forty year old woman who has lived in her home with her husband and three year old daughter for the past seven years.[2] Pope's home is located diagonally across the street from Howard's home.

On July 26, 1994, Pope filed a "Petition For Order of Protection Stalking Only/Unrelated Parties"[3] against Howard. The petition alleged, *inter alia*, that Howard had stalked Pope "consistently over the past two months (nearly every day)." Howard was served with an ex parte order of protection and notice of hearing on July 27, 1994. The circuit court held a hearing on the petition on August 4, 1994. At the conclusion of the hearing, the trial court found in favor of Pope and entered a full order of protection, directing Howard, *inter alia*, not to stalk Pope at any time or location and not to enter upon the premises of her dwelling. The full order of protection was effective for 180 days. From this order, Howard appeals.

■■■ Initially, we are confronted with the fact that this case is moot. Not only did the order or protection expire on January 31, 1995, Pope has moved out of the state.[4] It is well settled that Missouri courts do not determine moot cases. *Cross v. Cross*, 815 S.W.2d 65, 66 (Mo.App.1991). Nevertheless, Howard urges the court to decide the case on the merits. He points out that there are two exceptions to the mootness doctrine. First, if a case becomes moot after submission and argument, dismissal is discretionary. *Id.* And second, dismissal for mootness is discretionary if an appeal presents an issue which: "(a) is of general public interest and importance; (b) will evade appellate review unless the court exercises its special jurisdiction; and (c) will recur." *Id.* Howard contends this case falls within the second exception. He argues that since there have been no

cases interpreting the anti-stalking provisions of the Adult Abuse Act, the issues are of general public interest and importance. He further asserts that if appellate review is denied, it is likely that meaningful review will never be available in such cases because the maximum time an order can be in effect under the statute is 180 days, which is an insufficient time in which to perfect an appeal, file the record, brief and argue the issues before expiration of the order. And, finally, he submits that the issues will arise frequently, and will therefore, be recurrent.

Pope counters by citing *Toll v. Toll*, 882 S.W.2d 290 (Mo.App.1994), which involved an order of protection under the Adult Abuse Act against a man in a domestic situation, where this court ruled the appeal was moot. We said:

> This appeal presents no issue of public importance which has not been decided. The issue is the sufficiency of the evidence to support the trial court's orders. The vindication of Alfred Toll is not of sufficient gravity, from a public standpoint, to cause us to waive the mootness of the appeal.

Howard responds by contending that the issues go beyond the sufficiency of the evidence and his vindication. He has filed an extensive brief, citing authorities from numerous foreign jurisdictions, urging us to decide the case on the merits and construe the anti-stalking provisions of the Adult Abuse Act.

■■ The exercise of our special jurisdiction to decide moot cases is discretionary. *Id.* at 290. We have conducted a laborious and exhaustive review of statutory and case law from foreign jurisdictions, as well as numerous scholarly articles on the subject. After doing so, and thoroughly examining the record in this case, we conclude that it would

---

2. Pope and her family recently moved out of the state.

3. The Petition for Order of Protection Stalking Only/Unrelated Parties is a form provided by the court, on which the victim answers fill-in-the-blank type questions. Pope used this form to file her petition against Howard.

4. Under § 455.040.1, the full order of protection may not exceed 180 days. However, upon motion by the petitioner, the court can renew the order of protection for an additional 180 days, and the second full order of protection is likewise renewable for up to 180 days upon motion and after hearing. Pope did not move to have the order against Howard renewed because she had moved out of the state.

be inappropriate to invoke our special jurisdiction to decide this appeal on its merits. We therefore decline Howard's invitation to decide the case notwithstanding its mootness.

The appeal is dismissed.