**Barbara A. McGRATH, Respondent,**

v.

**Francis Edward McGRATH, Appellant.**

**No. WD 52690.**

Missouri Court of Appeals,
Western District.

Feb. 25, 1997.

Mary Moore, Columbia, for respondent.

Ronald J. Prenger, Jefferson City, for appellant.

Before BRECKENRIDGE, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This is an appeal by Francis McGrath, appellant, from a 180–day full order of protection enjoining him from abusing and threatening to abuse, molesting, stalking or disturbing the peace of Barbara McGrath, respondent, and from entering respondent's home. Appellant asserts two points on appeal: 1) the trial court erred in entering a full order of protection because it lacked sufficient evidence to do so; and 2) the trial court erred when it determined certain evidence presented by the appellant was irrelevant. We dismiss the appeal for mootness.

## Facts

Because of our disposition of the appeal, we need not set forth a detailed recitation of the facts. The marriage of Francis McGrath, appellant, and Barbara McGrath, respondent, was dissolved on February 2, 1996. On April 8, 1996, respondent went to appellant's home to retrieve tax information she had requested from appellant. Respondent testified that as she was standing at appellant's door, he picked her up by the shoulders of her coat and threw her from the doorway, across the front porch. That day, respondent filed for, and received, an ex parte order of protection under § 455.035 RSMo Supp.1996. A hearing for full order of protection under § 455.040 RSMo Supp.1996 was held on April 23, 1996. The court determined that sufficient evidence existed to grant a full order of protection, which enjoined appellant from abusing, threatening to abuse, molesting, stalking or disturbing the peace of respondent and from entering respondent's dwelling while the full order was in effect.

The 180–day order expired on October 23, 1996. In the interim, appellant's appeal, filed on May 3, 1996, has come before this court. From the full order of protection, appellant now appeals.

## Mootness of the Appeal

■ Because the full order of protection expired on October 23, 1996, and the record does not indicate that the order was extended, we find that the appeal of the grant of full order of protection is moot. *Pope v. Howard,* 907 S.W.2d 257, 258 (Mo.App.1995). Thus we dismiss for mootness.

■ We recognize that dismissal is discretionary in a moot case, and that we can exercise our jurisdiction where an appeal presents an issue, which: " '(a) is of general public interest and importance; (b) will evade appellate review unless the court exercises its special jurisdiction; (c) will recur.' " *Id.,* citing *Cross v. Cross,* 815 S.W.2d 65, 66 (Mo.App.1991). In *Toll v. Toll,* 882 S.W.2d 290 (Mo.App.1994), we held that an expired full order of protection can be reviewed if it involves issues of public importance. We also held in *Toll* that questions of sufficiency of the evidence do not rise to a level of special public interest that necessitates the discretionary exercise of review of a moot appeal. *Id.*

■ Here, even if we were to review for sufficiency of the evidence, we find the evidence, viewed in the light most favorable to the trial court's order, is sufficient to support the trial court's entry of the full order of protection. The evidence was that respondent was at appellant's residence without invitation to retrieve some tax information and that appellant threw respondent across the porch. The fact that respondent was on appellant's porch uninvited neither excused his behavior nor provided a defense to a full order of protection. If appellant believed respondent should not be at his residence, he was free to seek his own order of protection.

■ Appellant presents no arguments, nor can we find any support in the record, for the proposition that an exercise of our discretionary review would be appropriate in this case. As was the case in *Toll,* this appeal presents no issue of public importance which has not been decided. Appellant simply contests the sufficiency of the evidence and the trial court's determination that certain proffered evidence of appellant was irrelevant, neither of which constitutes sufficient grounds for us to exercise our special jurisdiction to decide moot cases.

## Conclusion

The appeal is dismissed for mootness.

All concur.