In re SOUTHWESTERN BELL TELE-PHONE COMPANY'S PROPOSED REVISION TO GENERAL EX-CHANGE TARIFF, P.S.C. MO–No. 35.

Nos. WD 57510, WD 57561.

Missouri Court of Appeals, Western District.

May 30, 2000.

Paul Lane, Leo Bub, Anthony Conroy, Katherine Swaller, St. Louis, Dana K. Joyce, Nathan Williams, William Haas, Michael Dandino, Jefferson City, for Appellant.

Craig Johnson, Jefferson City, Wm. Ross England III, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Southwestern Bell Telephone Company and the Public Service Commission appeal the circuit court's judgment to order the commission to conduct a hearing to consider whether a large number of telephone companies should be permitted to intervene in Southwestern Bell's request for a tariff change. The companies wanted to oppose the change, but the commission refused to permit them to intervene. We dismiss the appeal as moot.

After Southwestern Bell asked the commission, on December 22, 1997, to modify its tariff, a large number of telephone companies sought to intervene in the case to oppose Southwestern Bell's request to provide additional services at no charge to Southwestern Bell's customers subscribing to certain plans.[1] The would-be intervenors, which divided themselves into two groups—the small telephone company group[2] and the mid-Missouri group[3]—protested that Southwestern Bell did not plan to extend the offer to their customers although Southwestern Bell served as the companies' primary toll carrier. The groups averred that, under the commission's primary toll carrier plan, Southwestern Bell was obligated to make available to the groups' customers the same inter-exchange services and at the same rate as it made to Southwestern Bell's own customers. They contended that allowing Southwestern Bell to give the proposed discount to Southwestern Bell's customers exclusively would be discriminatory and violated § 392.200.5, RSMo Supp.1997.[4]

Without a hearing, the commission denied the motions to intervene and, on February 4, 1998, approved Southwestern Bell's tariff to be effective two days later. The commission decided, contrary to the groups' contentions, that Southwestern Bell's proposed tariff change was not dis-

1. Southwestern Bell proposed to provide a "1+ SAVER 10% Optional Calling Plan free of charge for customers subscribing to The WORKS ®, BizSaver sm, or the BASICS sm vertical services packages." Southwestern Bell told the commission that its proposed tariff revision would save 2.4 million Southwestern Bell customers about 10 percent on certain long distance toll services.

2. This group includes Alltel Missouri Inc., BPS Telephone Co., Cass County Telephone Co., Citizens Telephone Co. of Higginsville, Mo., Inc., Craw–Kan Telephone Coop., Inc., Ellington Telephone Co., Farber Telephone Co., Goodman Telephone Co., Inc., Granby Telephone Co., Grand River Mutual Telephone Corp., Green Hills Telephone Corp., Holway Telephone Co., Iamo Telephone Co., Kingdom Telephone Co., KLM Telephone Co., Lathrop Telephone Co., Le–Ru Telephone Co.,

Mark Twain Rural Telephone Co., McDonald County Telephone Co., Miller Telephone Co., New Florence Telephone Co., New London Telephone Co., Orchard Farm Telephone Co., Oregon Farmers Mutual Telephone Co., Ozark Telephone Co., Rock Port Telephone Co., Seneca Telephone Co., Steelville Telephone Exchange, Inc., and Stoutland Telephone Co.

3. This group includes Alma Telephone Co., Chariton Valley Telephone Corp., Choctaw Telephone Co., Mid–Missouri Telephone Co., Modern Telecommunications Co., MoKan Dial, Inc., Northeast Missouri Rural Telephone Co., and Peace Valley Telephone Co.

4. Southwestern Bell estimated to the commission that 131,000 customers served by the companies in the two groups would be affected.

criminatory and that the commission did not intend for the primary toll carrier plan to keep Southwestern Bell from creating new services exclusively for its customers. The two groups filed separate petitions for writ of review with the circuit court. The circuit court consolidated the cases.

The circuit court concluded that the commission had erred in not holding a hearing to consider the two groups' applications to intervene. It remanded the case to the commission with instructions that it reopen the case and consider the intervenors' contentions of discriminatory and otherwise unlawful treatment. The commission and Southwestern Bell appealed to this court.

■■■ We dismiss because the primary toll carrier plan which is at the center of this dispute ended on October 20, 1999, mooting the two groups' claim. Southwestern Bell has no obligation now to provide toll services in the two groups' exchanges. This effectively ends the dispute between the two groups and Southwestern Bell. Even if we were to agree with the smaller telephone company groups' contentions, our ordering the commission to allow them to intervene would provide nothing for their customers. The two groups are not claiming damages. They merely seek the right to intervene to convince the commission that Southwestern Bell was obligated to provide the additional services to their customers, too. Even if the commission now agreed with them, the customers would not obtain the service because the primary toll carrier plan on which the smaller companies based their claim has expired. We would be merely issuing an advisory opinion declaring who was right in a past dispute. Our role is not to adjudicate debating issues. It is to resolve live disputes. Our issuing an opinion in this case would have no practical effect on an existing controversy. *State of Missouri, ex rel. Mathewson v. Board of Election Commissioners of St. Louis County*, 841 S.W.2d 633, 635 (Mo. banc 1992).

■■■ " '[A] case is moot if a judgment rendered has no practical effect upon an existent controversy.' " *State of Missouri, ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo.App.1998) (citation omitted). "When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed." *State of Missouri, ex rel. County of Jackson v. Missouri Public Service Commission*, 985 S.W.2d 400, 403 (Mo.App.1999). This case is moot.

■■■ The smaller company groups note that a court still can consider a moot issue if it is a recurring, unsettled issue of public interest and importance that will escape review without the court's intervention. "This exception is very narrow, however, and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, the 'public interest' exception does not apply." *Id.* This issue in this case is likely to present itself again in a future, live controversy. Indeed, the mid-Missouri group complained that other carriers were "attempting to evade [the statutes called into question in this case] in the same manner[.]" Even if we were to declare that Southwestern Bell was wrongfully evading statutory obligations in this case, the other carriers noted by mid-Missouri group undoubtedly would endeavor to distinguish our advisory opinion, and the controversy would be back before us again. The "public interest exception" does not apply to this case.

We, therefore, dismiss Southwestern Bell's and the commission's appeal on the ground that the controversy presented is moot.

JOSEPH M. ELLIS, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.