**JUVENILE OFFICER, Respondent,**

**v.**

**Stacy WARNER, Appellant.**

**No. WD 63885.**

Missouri Court of Appeals,
Western District.

Feb. 22, 2005.

Lynn M. Ewing, III, Nevada, MO, for Respondent.

Brian D. Webb, Independence, MO, for Appellant.

Before ROBERT G. ULRICH, P.J., JAMES M. SMART, JR. and JOSEPH M. ELLIS, JJ.

ROBERT G. ULRICH, P.J.

Stacy Warner (Mother) appeals from a judgment/full order of child protection entered by trial court pursuant to the Child Protection Orders Act, sections 455.500 to 455.538.[1] She claims that the trial court erred in granting the order because (1) the order was issued for a period of time in excess of 180 days in violation of section 455.516, and (2) insufficient evidence was presented to support the order. The judgment is affirmed.

## Facts

Juvenile Officer filed a petition for order of child protection against Mother on December 31, 2003. The petition sought the protection of Mother's minor child, who was almost five years old.[2] It alleged that the child's father and the child's uncle had sexually abused her and that Mother, who initially separated the child from her father, had returned the child to the father's home where the uncle was also residing. The petition also alleged that Mother had knowingly and intentionally sexually abused the child and inflicted emotional abuse on the child. The trial court issued an ex parte order of child protection the same day awarding custody of the child to her grandmother.

The trial court held a hearing on the petition on January 23, 2004, and Mother appeared pro se. On January 26, 2004, the trial court issued a full order of protection effective until January 22, 2005. The order provided that Mother shall not stalk, abuse, threaten to abuse, molest, or disturb the peace of the child and that Mother shall not enter the family home of the child nor have any contact with the child except by supervised visitation as authorized by Juvenile Officer. Thereafter, Mother filed a timely notice of appeal.

While this appeal was pending, Juvenile Officer filed a motion for renewal of full order of protection on July 1, 2004. The trial court renewed the full order of protection on September 2, 2004. However, on November 30, 2004, the trial court set aside the order of protection on Mother's motion because notice of the hearing on the motion for renewal was not served on Mother. The trial court also entered an ex parte order pending hearing on the motion for renewal.

## Standard of Review

[1] This is a court-tried case. Appellate review of a court-tried case requires that the court's judgment be affirmed unless no substantial evidence supports it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *In the Interest of R.T.T.,* 26 S.W.3d 830, 834 (Mo. App. S.D.2000).

## Discussion

[2] Juvenile Officer, through counsel, acknowledges that the trial court misapplied the law and exceeded its statutory authority when it ordered its restrictions applicable to Mother for a period of time of 361 days. Section 455.516.1 provides, in pertinent part, "if the petitioner has proved the allegation of abuse of a child by a preponderance of the evidence, the court may issue a full order of protection for a definite period of time, not to exceed one hundred eighty days." Mother does not dispute that, although the order was for a

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. A petition seeking the protection of the minor child was also filed against Mother's husband, the child's father, Jeremy Warner, which is not the subject of this appeal.

time length greater than the law provides, the order was not void but legally effective for 180 days only. Thus, the trial court's full order of protection expired by law on July 24, 2004, 180 days after its issuance.

Mother next asserts that no substantial evidence of abuse was presented to support the order. A threshold question, however, is whether this point is moot because the order of protection expired on July 24, 2004. "When an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed." *Belton v. Moore,* 112 S.W.3d 1, 5–6 (Mo.App. W.D.2003)(quoting *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 237 (Mo.App. W.D.1998)). Several cases have dismissed an appeal from a full order of protection based on mootness where the order had expired and was not extended. *See Hannah v. McCubbin,* 21 S.W.3d 125, 126 (Mo.App. W.D.2000); *McGrath v. McGrath,* 939 S.W.2d 46, 47 (Mo.App. W.D.1997); *Pope v. Howard,* 907 S.W.2d 257, 258 (Mo.App. W.D.1995). In this case, however, Juvenile Officer attempted to extend the order when she filed a motion for renewal of full order of protection pursuant to section 455.516.1 on July 1, 2004, before expiration of the original order. Section 455.516.1 provides, in pertinent part, "Upon motion by either party, the guardian ad litem or the court-appointed special advocate, and after hearing by the court, the full order of protection may be renewed for a period not to exceed one hundred eighty days from the expiration date of the originally issued full order of protection." The trial court renewed the full order of protection on September 2, 2004; however, the order was set aside because Mother did not receive notice of the hearing on the motion. The trial court then entered an ex parte order of protection pending hearing on the motion for renewal pursuant to section 455.516.1. The statute provides, in pertinent part, "If for good cause a hearing cannot be held on the motion to renew the full order of protection prior to the expiration date of the originally issued full order of protection, an ex parte order of protection may be issued until a hearing is held on the motion." § 455.516.1. Because Juvenile Officer filed a motion for renewal of full order of protection before the expiration of the original order and the motion is currently pending, this appeal is not moot. Thus, Mother's second point is considered.

For a trial court to issue a full order of protection, the petitioner must prove the allegation of abuse of a child by a preponderance of the evidence. § 455.516.1. Abuse is defined in the Child Protection Orders Act as "any physical injury, sexual abuse, or emotional abuse inflicted on a child other than by accidental means by an adult household member, or stalking of a child. Discipline including spanking administered in a reasonable manner shall not be construed to be abuse." § 455.501(1).

In her petition, Juvenile Officer alleged that Mother sexually abused the child and inflicted emotional abuse on the child when she returned the child to the home of the child's father and the child's uncle, both of whom were alleged to have sexually abused the child. At the hearing on the petition, Juvenile Officer withdrew her allegation that Mother had sexually abused the child and proceeded on the theory that Mother subjected the child to emotional abuse by returning her to the home of her father.[3] Juvenile Officer presented the

3. The petition form used by the court requires the petitioner to check one of four boxes coinciding with the definition of abuse and provide a narrative of the acts constituting the

testimony of two witnesses, Mother and Tracy Clements–Pierce, a licensed professional counselor who completed a forensic evaluation of the child after she disclosed that her father and her uncle had sexually molested her. First, Mother testified that in April 2003 as she was bathing the child, she noticed that the child's vaginal area was red. The child told Mother that her daddy had touched her with baby wipes. Mother took the child to the doctor the next day, and the child again told the doctor that her father had touched her. The doctor called the DFS hotline. A SAFE exam was performed as well as a forensic evaluation to gain additional information and assess the credibility of the child. Mother also obtained an order of protection for the child against the child's father.

Mother further testified that she eventually "dropped" the protective order because the child's father did not sexually abuse the child. She also testified that she and the child were at the home of the child's father on several occasions in late December 2003. Finally, Mother stated that she no longer believes that the child's father sexually abused the child because child does not fear her father, wants to be with him, and loves him. She indicated that she plans to continue to allow the child's father to have contact with the child.

Next, Ms. Pierce testified that during the forensic evaluation, the child disclosed to her that her father's penis had touched her rectum, that her father had touched her genitals with a baby wipe, and that she had touched her father's penis with her hand. Ms. Pierce also testified that based on her interview of the child and several tests conducted during the evaluation, she determined that the child had been sexually abused. Finally, Ms. Pierce testified that it is not uncommon for a child who has been sexually abused by a parent to want to spend time with that parent.

The evidence presented supports Juvenile Officer's allegation that Mother returned the child to the home of the child's father. Uncontroverted evidence was presented that the child's father had sexually abused her, and the trial court believed the evidence. Mother contends that while such evidence might support a finding of neglect to invoke an investigation by DFS or a juvenile court proceeding, it did not rise to the level of abuse to support the trial court's judgment in this case. Mother's contention is wrong. By allowing the child's father to have contact with the

abuse alleged. As discussed, Juvenile Officer checked the boxes for sexual abuse and emotional abuse. At the hearing, Mother questioned the allegations. The county prosecutor, representing Juvenile Officer explained,

> Well, let me address that, Judge. And— And that is, as the Court is aware, a checkbox on the form. And the petition then asks, in the next box, for a recitation of the facts that give rise to the claim. I think the Petitioner admits that the box should not have been checked. The Court should consider only the narrative as set forth in the next paragraph which describes only Ms. Warner's conduct in allowing continued contact with her husband.

It is unclear in counsel's explanation which box Juvenile Officer admits should not have been checked. Nevertheless, Juvenile Officer maintained her allegations in the narrative, which specifically provided,

> [The child] had related to her mother and to a therapist that she had been sexually abused by her father and uncle while in the care of her father and or her mother Stacy Jo Warner prior to April 2003. Stacy Jo Warner filed a child protection action at that time and separated the children from that environment. She has now returned her children to the home of Jeremy Warner where he resides with his brother Chris, who is the uncle alleged to have abused [the child] also.

This narrative was sufficient to allege emotional abuse by Mother.

child, Mother subjects the child to further sexual abuse by the father. Sexual abuse of the child would necessarily result in her emotional distress, and subjecting the child to the reasonable probability of sexual abuse is to subject the child to the reasonable probability of emotional abuse. Providing an opportunity for the child's father to further sexually abuse the child constitutes subjecting the child to emotional abuse. Therefore, substantial evidence of abuse was presented to support the trial court's full order of protection.

The judgment of the trial court is affirmed.

SMART, J. and ELLIS, J. concur.