**Darryl Ann JENKINS, Respondent,**

v.

**Chris McLEOD, Appellant.**

**No. ED 88541.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 2007.

Michael H. Maguire, Cape Girardeau, MO, for respondent.

Malcolm Henry Montgomery, Cape Girardeau, MO, for appellant.

## *OPINION*

### GLENN A. NORTON, J.

Chris McLeod appeals the trial court's judgment granting Darryl Ann Jenkins a full order of protection against him pursuant to the Missouri Adult Abuse Act, sections 455.010–455.090 RSMo Cum.Supp. 2004.[1] We dismiss for mootness.

## I. BACKGROUND

Following an incident in which Chris allegedly assaulted her date at a bar, Darryl Ann filed a petition requesting an adult abuse protective order against him. At the hearing, Darryl Ann testified that she and Chris were co-workers prior to the incident. Darryl Ann alleged that Chris harassed her on the date of the assault, causing her to fear for own safety. Darryl Ann further testified that Chris made inappropriate sexual comments to her prior to the assault, that others informed her that Chris had a reputation for violence, and that Chris's wife, Jamie, threatened her with physical violence.

Following the hearing, the court granted Darryl Ann a one-year full order of protection on July 11, 2006. The court reached its decision on the grounds that although Darryl Ann's petition alleged harassment and abuse, which do not entitle a petitioner to a protective order against a non-family or household member, Darryl Ann factually alleged stalking in her testimony. Chris timely filed his notice of appeal on August 17, 2006.

## II. DISCUSSION

Although the issue was not raised on appeal, Darryl Ann's protective

---

1. Unless otherwise indicated, all statutory references are to RSMo Cum.Supp.2004.

order against Chris expired on July 11, 2007. Nothing in the record indicates that the order was extended, and we must therefore assume the issue is moot.

■ Missouri courts do not decide moot issues, although there are two exceptions in which hearing a moot appeal is within the court's discretion. *In re Dunn*, 181 S.W.3d 601, 604 (Mo.App. E.D.2006) (internal citations omitted). The first occurs when a case becomes moot after it has been submitted and argued. *Id.* The second is when the moot issue is of general public interest and importance, recurring in nature, and will otherwise evade appellate review. *Id.*

■ The public interest exception "is very narrow ... and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, [this] exception does not apply." *Kinsky v. Steiger*, 109 S.W.3d 194, 196 (Mo.App. E.D.2003) (internal citations omitted). Under this standard, Missouri courts have held that challenges to the sufficiency of the evidence concerning lapsed protective orders under the Adult Abuse Act are not of adequate public interest to require appellate review. *See, e.g., Reay v. Philips*, 169 S.W.3d 896, 897 (Mo.App. E.D.2005); *Oplotnik v. Alexander*, 105 S.W.3d 923, 925 (Mo.App. W.D. 2003); *McGrath v. McGrath*, 939 S.W.2d 46, 47 (Mo.App. W.D.1997); *Pope v. Howard*, 907 S.W.2d 257, 258–59 (Mo.App. W.D.1995); *In Interest of L.W.*, 882 S.W.2d 290, 291 (Mo.App. W.D.1994).

Here, the issue raised on appeal does not go beyond the sufficiency of the evidence to support the grant of the full order of protection. Chris argues only that the evidence presented at trial was inadequate to establish that he had stalked Darryl Ann. Moreover, Chris's appeal became moot prior to submission to this Court, as the protective order lapsed on July 11, 2007, while the appeal was not submitted until August 15, 2007. We therefore decline to exercise our discretion to decide the issue.

## III. CONCLUSION

We decline to exercise our discretion to hear Chris's moot appeal of the grant of a full order of protection against him pursuant to the Adult Abuse Act because his appeal does not fall within the public interest exception to the mootness doctrine. Therefore, the appeal is dismissed.

ROY L. RICHTER, P.J. and
CLIFFORD H. AHRENS, J., concur.