Daniel A. **STEWART**, Respondent,

v.

Steven Louis **PLANK**, Appellant.

No. 28953.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 24, 2008.

Conway L. Hawn, Smith & Turley, Salem, for appellant.

Daniel A. Stewart, San Diego, CA, pro se.

DANIEL E. SCOTT, Presiding Judge.

■ A full order of child protection, effective for one year, was entered against

Appellant pursuant to §§ 455.500 *et seq.*[1] His sole appeal point claims "the only evidence of purported abuse was hearsay testimony ... with no evidence that the children were physically or emotionally injured." Much of the trial evidence was hearsay, but it was received largely without objection and cannot now be challenged on that basis.[2] The evidence thus received supports the judgment. We affirm.

Appellant's limited challenge means we can similarly confine our review. As to the sufficiency of the evidence, we consider only facts and inferences supporting the judgment, which we must affirm unless no substantial evidence supports it. *In re R.T.T.*, 26 S.W.3d 830, 834 (Mo.App.2000). Substantial evidence is competent evidence from which the trial court could reasonably reach its decision (*Id.*), including relevant hearsay received without objection. *See Appelhans v. Goldman*, 349 S.W.2d 204, 207 (Mo.1961) (quoting *Goodman v. Allen Cab Co.*, 360 Mo. 1094, 232 S.W.2d 535, 539 (1950)). *See also Callahan v. Cardinal Glennon Hospital*, 863 S.W.2d 852, 863 (Mo. banc 1993); *Jerry Bennett Masonry, Inc. v. Crossland Const. Co.*, 171 S.W.3d 81, 99 (Mo.App.2005). The probative worth and effect of such evidence, once received, was for the trier of fact. *Martin v. Martin*, 979 S.W.2d 948, 952 (Mo.App. 1998).

■ Nearly all the trial testimony, including some otherwise arguably inadmissible hearsay, came in without objection. Viewed favorably to the judgment, it included evidence from which the trial court reasonably could find that Appellant inflicted non-accidental, non-disciplinary physical injury or emotional abuse upon the subject children.[3] *See* §§ 455.516.1, 455.501(1); *Juvenile Officer v. Warner*, 155 S.W.3d 855, 856 (Mo.App.2005). We reject Appellant's sole point and affirm the judgment.

BARNEY and BATES, JJ., concur.

1. Statutory references are to RSMo 2000 & 2005 Supp. unless otherwise indicated.

2. Appellant had different counsel at trial.

3. Given Appellant's limited claim and our disposition thereof, we need not identify the children or detail the record. Suffice it to say there was evidence from which the trial court could find at least that: Appellant had a significant anger problem, the children and their mother were scared of him, and he called the children his "slaves." He encouraged the children to fight and hit each other. He wrestled with and hurt the children "a lot," ignoring their pleas to stop when he was hurting them, urging them instead to "toughen up," and hitting one child with a piece of his bed. He opined that another child "walked like a fag," bullied and embarrassed him by pulling the child's pants down in front of other children, and hurt the child by "playfully" punching him in the stomach with his fist. He kicked the children and their mother out of the house several times, including the day of their grandmother's funeral.