**Jennifer R. MACFARLANE,
Respondent,**

v.

**Robert F. WHEELER, Appellant.**

**No. ED 91212.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 2, 2009.

reference a standard ruler without any extraneous words or symbols on it.

Stephen Ray Porter, Hannibal, MO, for appellant.

Joseph A. Brannon, New London, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Robert F. Wheeler ("Wheeler") appeals the judgment of the trial court entering orders of protection in favor of Jennifer R. MacFarlane ("MacFarlane") and in favor of Jennifer R. MacFarlane on behalf of her daughters, K.L.H. and A.M. Wheeler argues none of the orders were supported by sufficient evidence. We dismiss the appeal.

■ The trial court entered a full order of protection in favor of Jennifer R. MacFarlane against Wheeler in March 2008. The court also entered full orders of child protection against Wheeler in favor of MacFarlane's two children, K.L.H. and A.M. Each order of protection expired September 7, 2008, and there is no evidence in the record before us to indicate the orders of protection were extended. Thus, the issues before us are moot.

■ Missouri courts do not decide moot issues. *Jenkins v. McLeod,* 231 S.W.3d 831, 833 (Mo.App.2007). There are two exceptions to this general rule under which the court may exercise its discretion to hear the appeal. *Id.* First, the court may consider the appeal if the case becomes moot after it has been argued and submitted. *Id.* Second, the court may consider the appeal if it is a recurring issue of general public interest and importance and would otherwise evade appellate review. *Id.* Under the standard of issues of public interest, Missouri courts have determined challenges to the sufficiency of the evidence to support expired orders of protection under the Adult Abuse Act are not of adequate public interest to require appellate review. *Id.*

Based upon the mootness doctrine as recited above, this court issued an order directing Wheeler to show cause why his appeal should not be dismissed as moot. In response to the order, Wheeler replied asking the court to exercise its discretion and refrain from invoking the mootness doctrine. Wheeler argued his claims go "beyond asserting a challenge to the sufficiency of the evidence," which as noted

above, is not of adequate public interest to warrant appellate review. *Jenkins,* 231 S.W.3d at 833. Instead, Wheeler argued his claims on appeal were that the evidence in this case was insufficient to invoke subject matter jurisdiction.

■■ Wheeler's attempt to couch the issues presented on appeal in terms of subject matter jurisdiction fails. We note the Missouri Supreme Court in *Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), warned against the use of "jurisdictional" arguments such as the one Wheeler attempts to make here. Instead, the court rejected a subcategory of "jurisdictional competence" within the constitutionally recognized doctrines of personal and subject matter jurisdiction. *Id.* at 254. Subject matter jurisdiction is the court's authority to render a judgment in a particular category of case. *Id.* The circuit courts have subject matter jurisdiction over all civil and criminal matters pursuant to the Missouri constitution, article V, section 14. *Id.* at 253. This provides the authority of the trial courts to render judgment, and "[e]levating statutory restrictions to matters of 'jurisdictional competence' erodes the constitutional boundary established by article V of the Missouri Constitution, as well as the separation of powers doctrine, and robs the concept of subject matter jurisdiction of the clarity that the constitution provides." *Id.* at 254. In this case, the circuit court of Marion County, Missouri, had subject matter jurisdiction to issue the orders of protection pursuant to article V, section 14 of the Missouri Constitution.

In addition, although Wheeler attempts to claim otherwise, the issues raised on appeal in the present case do not go beyond challenges to the sufficiency of the evidence to support the orders of protection entered in favor of MacFarlane and her daughters. As noted above, this does not rise to the level of a challenge to the court's subject matter jurisdiction. The orders of protection expired prior to the argument of this case on appeal, and we decline to exercise our discretion to review the issues because they do not fall within the public interest exception to the mootness doctrine. *Jenkins,* 231 S.W.3d at 833.

The appeal is dismissed.

GLENN A. NORTON, P.J., and ROY L. RICHTER, J., concur.