**K.D., Respondent,**

v.

**Theodore ALOSI, Appellant.**

**No. WD 70385.**

Missouri Court of Appeals,
Western District.

Sept. 29, 2009.

Allen S. Russell, Esq., Kansas City, MO, for appellant.

Jack A. Cochran, Esq., Blue Springs, MO, for respondent.

Before THOMAS H. NEWTON C.J., JAMES E. WELSH and KAREN KING MITCHELL, JJ.

THOMAS H. NEWTON, Judge.

Mr. Theodore Alosi appeals the trial court's judgment renewing a full order of protection against him. We dismiss the case for mootness.

In October 2007, K.D. obtained a one-year full order of protection against Mr. Alosi, which Mr. Alosi did not appeal. K.D. sought to renew the order in September 2008. After a hearing in October 2008, the trial court renewed the order for a period of six months. Mr. Alosi appeals.

On May 26, 2009, Mr. Alosi filed his appellant's brief with this court. In his sole point, he challenges the sufficiency of the evidence "to establish that the expiration of the order would place [K.D.] in an immediate and present danger of abuse." In August 2009, K.D. filed a motion to dismiss the appeal as moot because the full order of protection had expired on April

30, 2009. She cites *Jenkins v. McLeod,* 231 S.W.3d 831 (Mo.App. E.D.2007), for support.

In *Jenkins,* an appeal was brought from a full order of protection. *Id.* at 832. Prior to the appeal's submission, the full order of protection expired. *Id.* at 832–33. As here, the appellant's sole contention was that the evidence was insufficient to support the order of protection. *Id.* at 833. The court determined that the issue on appeal was moot in that the order of protection had expired prior to being argued and submitted. *Id.* It then recognized its discretion to review the claim if it were an issue of public interest—an exception to the mootness doctrine. *Id.*; *see also Glover v. Michaud,* 222 S.W.3d 347, 350–51 (Mo.App. S.D.2007) (reviewing moot issue after determining the issue was within the public interest exception). After concluding sufficiency of the evidence did not constitute an issue of adequate public interest under the circumstances, the court dismissed the appeal as moot. *Id.*; *see also T.D.H. v. O'Connell,* 258 S.W.3d 850, 851 (Mo.App. E.D.2008).

Here, the renewed order of protection expired on April 30, 2009, and the case was not submitted until September 25, 2009. Similar to *Jenkins,* Mr. Alosi's only contention on appeal is that the evidence was insufficient to support the October 2008 renewal order. Mr. Alosi does not argue that the order's mere existence subjects him to significant collateral consequences that might justify us in exercising our discretion to consider his claims. *See Glover,* 222 S.W.3d at 351; *but see M.W. v. Mabry,* 282 S.W.3d 33, 36 (Mo.App. E.D. 2009). Under these circumstances, we conclude that Mr. Alosi's issue does not fall within the public interest exception.[1]

1. We note that, unlike in *Jenkins,* K.D. renewed the order of protection in June 2009.

However, Mr. Alosi's claim of error only addressed the evidence adduced at the October

Therefore, this appeal is dismissed as moot.

All Concur.

2008 hearing, and the renewal of the order of protection in June 2009 has no bearing on this appeal.