**Debra Marie SCHROEDER,**
**Respondent,**

v.

**Andrew Patrick HUNN, Appellant.**

**No. ED 94730.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 3, 2011.

Lawrence J. Fleming, St. Louis, MO, for appellant.

John P. Brown, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Andrew Hunn ("Appellant") appeals the Circuit Court of St. Charles County's Judgment and Full Order of Protection against him. Appellant argues that the trial court erred in: (1) overruling his motion to dismiss in that the petition failed to state facts to confer jurisdiction; and (2) entering its Judgment and Full Order of Protection because the evidence was insufficient and hearsay. We dismiss the appeal as moot.

### Background

On November 20, 2009, Debra Schroeder filed an ex parte Petition for an Order of Child Protection against Appellant on behalf of her 15–year–old daughter R.H. The court issued the ex parte order the same day pursuant to Child Protection Orders Act, Mo.Rev.Stat. §§ 455.510–520.

On April 7, 2010, the trial court entered its Judgment and Full Order of Protection in favor of Ms. Schroeder. The Order was not extended and expired April 6, 2011. This appeal follows.

### Discussion

"A threshold question in any appellate review of a controversy is the mootness of the controversy." *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App. W.D.1999). Generally speaking, we will not decide a case that is moot, and we may dismiss a case that is moot *sua sponte*. *Thruston v. Jefferson City Sch. Dist.*, 95 S.W.3d 131, 133 (Mo.App. W.D.2003) (citing *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001)). Missouri appellate courts routinely dismiss appeals from a full order of protection based on mootness where the order expired and was not extended. *See MacFarlane v. Wheeler*, 285 S.W.3d 424, 425 (Mo.App. E.D.2009); *Hannah v. McCubbin*, 21 S.W.3d 125 (Mo. App. W.D.2000); *McGrath v. McGrath*, 939 S.W.2d 46 (Mo.App. W.D.1997).

We acknowledge that this court may exercise its jurisdiction over a moot issue if the appeal presents a "recurring issue of general public interest and importance and would otherwise evade appellate review." *MacFarlane*, 285 S.W.3d at 425. We, however, find no basis in this case to apply this exception and reach the merits of the appeal.[1]

### Conclusion

The appeal is dismissed.

GARY M. GAERTNER, JR., P.J., and MARY K. HOFF, J., concur.

---

1. We note that at oral argument, Appellant's counsel asserted that we should not dismiss the appeal as moot due to potential "collateral consequences" arising from the expired protection order, namely that Appellant would be prohibited from possessing a firearm under federal law. Appellant's counsel did not cite, and we have not found, any authority in support of his assertion. In fact, 18 U.S.C. § 922(g)(8) reads, in relevant part, that "It shall be unlawful for any person ... who is *subject to a court order* ... to possess ... any firearm or ammunition." (emphasis added). As the protection order has expired, Appellant is no longer subject to it and is not prohibited under 18 U.S.C. § 922 from possessing a firearm.