**Zachary Thomas ALDRICH,
Respondent,**

v.

**Jeffrey C. GOODMAN, Appellant.**

**No. WD 72430.**

Missouri Court of Appeals,
Western District.

May 3, 2011.

Rehearing Denied May 31, 2011.

Charles A. Bender, Columbia, MO, for Appellant.

Susan F. Robertson, Kansas City, MO, J. Zachary Bickel, Kansas City, MO, for Respondent.

Before GARY D. WITT, P.J., JAMES EDWARD WELSH, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Judge.

Jeffrey C. Goodman appeals from the circuit court's judgment entering a full order of protection against him for abusing or stalking Zachary Aldrich. In response to Goodman's appeal, Aldrich filed a motion to dismiss the appeal as moot. We dismiss this case for mootness.

The circuit court entered its order of judgment and protection against Goodman on March 22, 2010, for a period of one

year. The order of protection stated, "The terms of this order shall be effective until March 22, 2011." The underlying order and judgment of protection was not extended, and it has now expired. Any appeal from the protective order entered against Goodman became moot when the protective order expired. *K.D. v. Alosi,* 292 S.W.3d 616 (Mo.App.2009); *Jenkins v. McLeod,* 231 S.W.3d 831, 833 (Mo.App. 2007). Because the order of protection expired prior to this case being submitted, Goodman's appeal is moot.

Generally, this court does not decide moot issues. *Jenkins,* 231 S.W.3d at 833. We may, however, in our discretion address a moot appeal in two instances. *Id.* "The first occurs when a case becomes moot after it has been submitted and argued. The second is when the moot issue is of general public interest and importance, recurring in nature, and will otherwise evade appellate review." *Id.* (citations omitted).

In this case, the appeal was submitted on April 22, 2011,[1] which was after the order of protection expired. Thus, the first exception is not applicable. As to the second exception, Goodman's sole point on appeal was that the evidence was insufficient to support the order of protection.[2] Sufficiency of the evidence does not constitute an issue of adequate public interest to justify our review under the second exception. *Id.*; *K.D.,* 292 S.W.3d at 616.

We, therefore, dismiss the appeal as moot.

All concur.

---

1. Oral argument was waived by the parties.

2. We note, however, that, even if we addressed the merits of Goodman's appeal, he would not prevail. Substantial evidence supported the circuit court's finding that Goodman abused Aldrich.