**T.C.T., Respondent,**

**v.**

**Kevin SHAFINIA, Appellant.**

**No. WD 72336.**

Missouri Court of Appeals,
Western District.

Sept. 20, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 1, 2011.

Kevin Shafinia, Kansas City, MO, Appellant, pro se.

T.C.T., Kansas City, MO, Respondent, pro se.

Before Division One: VICTOR C. HOWARD, Presiding Judge, and ALOK AHUJA and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

This is a protection order case. The dispositive issue is whether this case is moot, given that the protection order has expired. We hold that it is moot and therefore dismiss the case.

### Facts and Procedural Background[1]

Appellant Kevin Shafinia was involved in two incidents with Respondent T.C.T. The trial court entered a full order of protection against Shafinia on March 30, 2010. The order prohibited Shafinia from having any contact with T.C.T. for one year. The order of protection was never renewed. Shafinia appeals, arguing only that the

---

1. On appeal from a judgment in a court-tried case, we view the facts in the light most favorable to the judgment. *White v. Dir. of Revenue*, 321 S.W.3d 298, 302 (Mo. banc 2010).

evidence was insufficient to support the order of protection.

The remaining facts of the case are not relevant to the disposition of this appeal, and therefore we omit them.

### Standard of Review

■ Whether a case is moot is a legal issue that we raise *sua sponte* on appeal. *Inman v. Mo. Dep't of Corr.*, 139 S.W.3d 180, 185 (Mo.App. W.D.2004).

### Legal Analysis

■ The dispositive issue is whether this case is moot. It is.

■ A moot issue is one upon which, if we resolved it in the appellant's favor, our holding would have no practical effect. *Lamar Co., LLC v. City of Kansas City*, 330 S.W.3d 767, 771 (Mo.App. W.D.2010); *In re Sw. Bell Tel. Co.'s Proposed Revision to Gen. Exch. Tariff, P.S.C.*, 18 S.W.3d 575, 577 (Mo.App. W.D.2000). We generally dismiss cases that are moot because appellate jurisdiction depends on the existence of a live controversy. *Royster v. Rizzo*, 326 S.W.3d 104, 108 (Mo.App. W.D. 2010); *Sw. Bell*, 18 S.W.3d at 577. When a full order of protection has expired, any appeal of that order is moot, because there is no practical effect in vacating an order that has expired. *K.D. v. Alosi*, 292 S.W.3d 616, 616 (Mo.App. W.D.2009); *Stiers v. Bernicky*, 174 S.W.3d 551, 553 (Mo. App. W.D.2005).

■ We may, within our discretion, address a moot issue when the public interest demands it.[2] *See Stiers*, 174 S.W.3d at 553. However, "[c]hallenges to the sufficiency of the evidence to support lapsed protective orders under the Adult Abuse Act are generally not of sufficient public interest to fall within the public interest

exception." *M.W. v. Mabry*, 282 S.W.3d 33, 36 (Mo.App. E.D.2009). Furthermore, when the case is moot and the appellant does not raise a valid exception to the mootness doctrine, we will generally not exercise our discretion to address the merits but will instead dismiss the case. *K.D.*, 292 S.W.3d at 616.

Here, the order of protection has expired, Shafinia challenges only the sufficiency of the evidence, and Shafinia "does not argue that the order's mere existence subjects him to significant collateral consequences that might justify us in exercising our discretion to consider his claims." *Cf. id.;* § 455.007(2), 2011 Mo. Legis. Serv. 523 (West). Under these circumstances, his appeal is moot, and the public interest exception is not implicated. Accordingly, we dismiss the appeal.

### Conclusion

For the reasons stated above, the appeal is dismissed.

VICTOR C. HOWARD, Presiding Judge, and ALOK AHUJA, Judge, concur.

---

**2.** Another way of saying this is that, when the public interest is impacted, the issue is live.