**J.S., Respondent,**

**v.**

**D.C., Appellant.**

**No. ED 96816.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 7, 2012.

Application for Transfer
Denied July 3, 2012.

The Roach Law Firm, William E. Roussin, Susan Kreher Roach, Co–Counsel, Clayton, MO, for Appellant.

Jenee Samia, Palmyra, MO, acting pro se.

ROBERT G. DOWD, JR., Presiding Judge, and SHERRI B. SULLIVAN, Judge, concur.

*OPINION*

MARY K. HOFF, Judge.

D.C. appeals from the trial court's judgment of a 180–day Full Order of Protection entered pursuant to Section 455.040 [1] and enjoining him from abusing, threatening to abuse, molesting, stalking, or disturbing the peace of J.S., from contacting J.S., or entering J.S.'s home. We dismiss the appeal for mootness.

*Factual and Procedural History*

D.C. was a friend of J.S.'s husband. After D.C. lost his job, J.S.'s husband allowed D.C. to live with him and J.S. J.S.'s husband and J.S. subsequently moved out of the residence they had been sharing with D.C. D.C. thereafter sent email and voicemail to J.S. calling her names and making derogatory remarks. J.S. felt "harassed" and "emotionally abused" and "scared" because D.C. knew "when [J.S.] [went] to work" and where she worked. J.S. did not know "what he'll do to me," and she was "tired of having ... these lies towards [herself] and [her] family."

On February 10, 2011, J.S. filed her Petition for Order of Protection (Petition) alleging that D.C. had abused or stalked her by telephone and email. J.S. requested the trial court to issue an Ex Parte Order of Protection restraining D.C. from abusing, threatening to abuse, molesting, or stalking J.S., from disturbing the peace of J.S., from communicating with J.S., and from entering the dwelling of J.S. That same day, the trial court entered an Ex Parte Order of Protection as requested by J.S. and scheduled a hearing.

On March 1, 2011, at the hearing on J.S.'s Petition, J.S., J.S.'s husband, J.S.'s pastor, and D.C. testified. After receiving all evidence offered by the parties and hearing closing arguments, the trial court informed the parties that it believed the evidence showed D.C. had engaged in a repeated course of conduct. The trial court entered a Full Order of Protection to replace and supersede the previously issued Ex Parte Order of Protection. The Full Order of Protection ordered D.C. not to "abuse, threaten to abuse, molest, stalk or disturb the peace of [J.S.]," not to "use, attempt to use, or threaten to use physical force against [J.S.] that would reasonably be expected to cause bodily injury," not to "communicate with [J.S.] in any manner or through any medium," and not to "enter or stay upon the premises of wherever [J.S.]

may reside." The trial court ordered that the Full Order of Protection would be effective for 180 days, until September 1, 2011.

On March 16, 2011, D.C. filed a motion for rehearing. In the motion, D.C. alleged that the trial court misinterpreted the facts and misapplied the law in granting the Full Order of Protection. D.C. further alleged that J.S. failed to establish D.C. had committed acts or threats of abuse, used or threatened to use physical force that would reasonably be expected to cause bodily injury, stalked, or threatened to abuse, molest, or disturb the peace of J.S. Following a hearing in which D.C. was represented by counsel, the trial court denied D.C.'s motion for rehearing. On May 26, 2011, D.C. filed his notice of appeal.

On August 18, 2011, while D.C.'s appeal in this case was pending, D.C. filed a motion to renew the Full Order of Protection, seeking to prevent the Full Order of Protection from expiring. In his motion to renew the Full Order of Protection,[2] D.C. argued that the trial court should extend the order because, without an extension, the Appellate Court would not review the trial court's decision to issue the Full Order of Protection. The trial court subsequently heard argument on D.C.'s motion to renew the Full Order of Protection and, on August, 31, 2011, denied the motion. The 180-day order expired on September 1, 2011.

On November 14, 2011, this Court issued an Order to Show Cause directing D.C., *inter alia*, to file a memorandum addressing the issue of whether the appeal had become moot or whether the public interest exception applied in light of Section 455.007 RSMo Cum.Supp.2011. This Court ordered the issue of whether the appeal should be dismissed as moot to be taken with the case. D.C. subsequently filed his response.

### Discussion

D.C. raises three points on appeal[3]; however, because our analysis of his first point is dispositive, we need not address the other points.[4]

In his first point, D.C. claims the trial court erred in granting J.S.'s petition for an adult order of protection because the order was against the weight of the evidence and the law and an abuse of discretion in that there was insufficient evidence to establish that D.C. had committed acts of abuse or threats against J.S.

"A threshold question in any appellate review of a controversy is the mootness of the controversy." *Schroeder v. Hunn*, 341 S.W.3d 167, 168 (Mo.App. E.D. 2011). "A moot issue is one upon which, if we resolved it in the appellant's favor, our holding would have no practical effect." *T.C.T. v. Shafinia*, 351 S.W.3d 34, 36 (Mo. App. W.D.2011). The appellate court generally will decline to decide a moot case, which may be dismissed *sua sponte*. *Schroeder*, 341 S.W.3d at 168. "An appeal is moot when, as here, it is taken from an order of protection that has expired during the pendency of the appeal." *M.W. v. Mabry*, 282 S.W.3d 33, 35 (Mo.App. E.D. 2009). "Missouri appellate courts routinely dismiss appeals from a full order of protection based on mootness where the order expired and was not extended."

---

2. We note that, under Section 455.040, only the petitioner may file a motion to renew a previously entered full order of protection.

3. J.S. did not file a Respondent's Brief in this appeal.

4. D.C.'s second and third points on appeal challenge the trial court's denial of D.C.'s Motion to Renew the Full Order of Protection.

*Schroeder,* 341 S.W.3d at 168. "When a full order of protection has expired, any appeal of that order is moot because there is no practical effect in vacating an order that has expired." *T.C.T.,* 351 S.W.3d at 36. There are two exceptions in which hearing a moot appeal is within the appellate court's discretion: (1) the case has become moot after it was argued and submitted; and (2) the moot issue is of general public interest and importance, recurring in nature, and will otherwise evade appellate review. *M.W.,* 282 S.W.3d at 35; *Jenkins v. McLeod,* 231 S.W.3d 831, 833 (Mo.App. E.D.2007).

The Adult Abuse Act authorizes the trial court to enter a full order of protection to a petitioner who proves, by a preponderance of the evidence, an allegation of abuse or stalking. Section 455.032, Section 455.040. The order can restrain the respondent from having any contact with the petitioner and can remain in effect from 180 days to one year, as determined by the trial court. Section 455.032, Section 455.040. Upon motion by the petitioner, and after a hearing by the court, the full order of protection may be renewed for a period of time the court deems appropriate but at least 180 days and not more than one year from the expiration date of the originally issued full order of protection. Section 455.020.1

Here, the Full Order of Protection expired on September 1, 2011, and the record reveals that the trial court declined to extend the order; thus, we find that the appeal from the judgment granting the Full Order of Protection is moot. *See McGrath v. McGrath,* 939 S.W.2d 46, 47 (Mo.App. W.D.1997), *citing Pope v. Howard,* 907 S.W.2d 257, 258 (Mo.App. W.D. 1995).

We acknowledge that dismissal is discretionary in a moot case if the appeal presents an issue of general public interest and importance, will evade appellate review unless we exercise our discretion to review the case, or the underlying situation giving rise to the case will recur. *See Schroeder,* 341 S.W.3d at 168; *Jenkins,* 231 S.W.3d at 833; *McGrath,* 939 S.W.2d at 47. Furthermore, notwithstanding any other provision of law to the contrary, the public interest exception to the mootness doctrine shall apply to an appeal of a full order of protection that (1) has expired and (2) subjects the person against whom such order is issued to significant collateral consequences by the mere existence of such full order of protection after its expiration. Section 455.007 RSMo Cum.Supp.2011.

In this case, we will not exercise our discretion to review the expired Full Order of Protection because the public interest exception is very narrow, and questions regarding the sufficiency of the evidence concerning lapsed protective orders under the Adult Abuse Act do not rise to a level of a special public interest that requires the exercise of our discretion to review a moot appeal. *T.C.T.,* 351 S.W.3d at 36; *M.W.,* 282 S.W.3d at 36; *Jenkins,* 231 S.W.3d at 833; *McGrath,* 939 S.W.2d at 47. In his first point on appeal, D.C. argues that the evidence presented at the hearing was insufficient to support the entry of the Full Order of Protection because it did not establish that he threatened J.S. This issue fails to go beyond the sufficiency of the evidence to support the grant of the Full Order of Protection. *See T.C.T.,* 351 S.W.3d at 36; *M.W.,* 282 S.W.3d at 36; *Jenkins,* 231 S.W.3d at 833; *McGrath,* 939 S.W.2d at 47. Furthermore, in his response to this Court's Order to Show Cause, D.C. argues that our review of the case is necessary under the public interest exception to the mootness doctrine because D.C. will be subjected to collateral consequences from the existence of the Full Order of Protection. D.C. merely

concludes that he will be subjected to "a potential present and future negative background check" which could lead to "the denial of employment, loans, and ability to buy or rent a dwelling." However, D.C. did not allege that he has, in fact, been subjected to significant collateral consequences by the mere existence of the Full Order of Protection after its expiration. Under these circumstances, the public interest exception is not applicable. *See T.C.T.*, 351 S.W.3d at 36. Accordingly, we dismiss the appeal.

## Conclusion

The appeal is dismissed.