

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| BLYTHE M. GROFF, | ) | |
| | ) | **WD76174** |
| Appellant, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| ROBERT M. GROFF, | ) | **January 28, 2014** |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable James F. Kanatzar, Judge**

Before Division One:  Alok Ahuja, P.J., Thomas H. Newton, and Anthony R. Gabbert, JJ.

The appellant appeals the trial court's modification to a previously entered Full Order of Protection (Protection Order) against the respondent.  We dismiss the appeal because the Protection Order has expired and no exception to the mootness doctrine applies.

The appellant filed a form with the trial court requesting a full order of protection against the respondent.  In November 2012, the appellant and respondent submitted the judgment (a document with options to mark certain findings) to the trial court by consent. The Protection Order included findings that precluded the respondent from possessing a

firearm during its effective period under section 18 U.S.C. § 922(g)(8), and a notice that criminal penalties were available for violating this law.

On January 4, 2013, a hearing was held to modify the Protection Order. Evidence was presented to support a finding that circumstances had changed since its entry in November 2012. The trial court modified the Protection Order, which included the removal of the findings that had previously made it unlawful for the respondent to possess a firearm. Specifically, the trial court unchecked findings that respondent "not, use, attempt to use, or threaten to use physical force that would reasonably be expected to cause bodily injury" and that respondent "is a credible threat." The court did not uncheck any other protections previously marked. The Protection Order still prevented the respondent from committing further acts of abuse or threats of abuse and from having any contact with the appellant outside of that mentioned in a temporary custody order. The appellant appeals.

While this appeal was pending, the Protection Order expired on May 6, 2013, and the extended one expired on November 27, 2013. Generally, protection orders that expire during the pendency of the appeal are not proper subjects of appeal because the issues are moot. *J.S. v. D.C.*, 368 S.W.3d 289, 291-92 (Mo. App. E.D. 2012). We will dismiss the appeal for mootness, unless an exception applies. *Id.*

The appellant claims the public interest exception applies because she is challenging the trial court's authority to modify a protection order to remove findings that trigger the federal law. She claims that the Missouri legislature intended only the modification of ancillary issues such as child support, and not provisions "central to [a

2

petitioner]'s protection." The public interest exception requires "the moot issue [to be] of general public interest and importance, recurring in nature, and will otherwise evade appellate review." *Id.* "[I]f an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, [this] exception does not apply." *Jenkins v. McLeod*, 231 S.W.3d 831, 833 (Mo. App. E.D. 2007) (internal quotation marks and citations omitted).

In arguing that this case meets the exception, the appellant claims that the issue will likely evade appellate review because of the brief duration of a protection order. We disagree. Under section 455.040,[1] protection orders may exist as long as one year and be renewed for an additional year; they may also contain a provision automatically renewing them annually absent an objection. Thus, it is possible for a protection order to be valid after a case has been submitted on appeal. The Protection Order here would have been valid after the case had been submitted if it had been argued on its original date of November 7, 2013, rather than on the rescheduled date of December 17, 2013.[2]

Because it is practically capable for this issue to arise in a live case, we find that the exception[3] does not apply. *See, e.g., Casey v. Shy*, 712 S.W.2d 461, 463 (Mo. App. E.D. 1986) (addressing the merits of a modification of a protection order with no mention of mootness). Moreover, our research of the mootness issue suggests that it would be

[1] Statutory references are to RSMo 2000 and the Cumulative Supplement 2012.

[2] As stated earlier, the Extended Protection Order expired on November 27, 2013.

[3] However, we note that under section 455.007, the public interest exception would apply to an appeal of a full order of protection that subjects the person to significant collateral consequences. Because the appellant is not the person subject to the order of protection, the statute is inapplicable here. The appellant concedes this fact.

inappropriate to invoke our special jurisdiction to address the merits. *See Pope v. Howard*, 907 S.W.2d 257, 259 (Mo. App. W.D. 1995) (declining to apply the public interest exception to construe a seemingly first impression issue). Thus, we decline to review the merits of the appeal.

Therefore, we dismiss the appeal.

/s/ THOMAS H. NEWTON      ___
Thomas H. Newton, Judge


Ahuja, P.J., and Gabbert, J. concur.

4